TRUMBULL COUNTY BAR ASSOCIATION *v.* DONLIN.

[Cite as *Trumbull Cty. Bar Assn. v. Donlin* (1996), 76 Ohio St.3d 152.]

(No. 96–442—Submitted May 22, 1996—Decided July 24, 1996.)

*Hoppe, Frey, Hewitt & Milligan* and *William L. Hawley*, for relator.
*Patrick J. Donlin*, pro se.

FRANCIS E. SWEENEY, SR., J.  Because the evidence is insufficient to support a violation of DR 2–110(A)(2), this court finds that the complaint against respondent, Patrick J. Donlin, should be dismissed.

DR 2–110(A)(2) states, in pertinent part, that " * * * a lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client * * *."  The panel concluded that respondent violated DR 2–110(A)(2) because he "did not effectively deal with a difficult situation" regarding the withdrawal from his employment with his client.  The panel is apparently referring to the fact that respondent did not notify his client in writing that he was not going to pursue the May 19, 1992 accident claim.  Based on the circumstances of this case, we cannot find that this rises to the level of a violation of DR 2–110(A)(2).

The stipulations and evidence at the hearing demonstrate that respondent took photographs, obtained a police report, and communicated with the insurance carrier of the other driver involved in the accident.  The evidence further demonstrates that the carrier denied the claim of Kolasky.  Respondent testified that he explained to Kolasky that he believed the case had no merit.  Respondent testified that he told Kolasky that he would not pursue her May 19, 1992 accident claim in any court of law and she agreed.  However, after the statute of limitations had expired on this accident claim, Kolasky apparently changed her mind and took the case to another attorney.  Her decision again to pursue the 1992 accident claim came only after another grievance that she filed against respondent had been dismissed.  Kolasky then filed the instant grievance against respondent.

Based on the above, we find that the evidence demonstrates that respondent adequately protected Kolasky's rights with regard to her accident claim.  Fur-

thermore, it is clear from respondent's testimony that he gave Kolasky due notice that he was withdrawing from employment in connection with the accident. While it probably would have been more prudent of respondent to have notified his client in writing that he would not handle the case further, the fact that it was not reduced to writing does not rise to the level of a violation under DR 2–110(A)(2). Thus, we find that respondent should not be bound by his stipulation that he violated DR 2–110(A)(2), as it was entered into under the mistaken belief that he was required to withdraw from his employment in writing.

Accordingly, the complaint is dismissed.

*Complaint dismissed.*

DOUGLAS, RESNICK, PFEIFER and STRATTON, JJ., concur.

MOYER, C.J., and COOK, J., dissent.

COOK, J., dissenting. In accordance with the respondent's stipulation that his conduct violated DR 2–110(A)(2) and that a public reprimand is the appropriate sanction, I would impose the public reprimand.

MOYER, C.J., concurs in the foregoing dissenting opinion.