[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 152.]

TRUMBULL COUNTY BAR ASSOCIATION *v.* DONLIN.

[Cite as *Trumbull Cty. Bar Assn. v. Donlin*, 1996-Ohio-422.]

*Attorney at law—Misconduct—Failure to properly withdraw from employment—*
*Complaint dismissed, when.*

(No. 96-442—Submitted May 22, 1996—Decided July 24, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and
Discipline of the Supreme Court, No. 95-37.

_____

{¶ 1} In a complaint filed April 27, 1995, relator, Trumbull County Bar Association, charged respondent, Patrick J. Donlin of Warren, Ohio, Attorney Registration No. 0030848, with one count of misconduct, involving alleged violations of DR 2-110 (withdrawal from employment), 6-101 (failing to act competently), and 7-101 (representing a client zealously). The complaint alleged that respondent was retained by Frances T. Kolasky to represent her in connection with personal injury and property damage claims arising out of an automobile accident occurring on May 19, 1992. The count further alleged that respondent represented to his client that a complaint had been filed on her behalf, but that respondent never filed a complaint. The count alleges that Kolasky is now barred by the statute of limitations from prosecuting any of her claims arising from the accident. Finally, the count alleges that respondent failed to properly withdraw from employment with his client in regard to the accident. A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") heard the matter on November 17, 1995.

{¶ 2} Respondent and relator stipulated that, in his representation of Kolasky, respondent took photographs of her vehicle, obtained a police report from Ravenna, and communicated with Nationwide Insurance Company, the insurance

carrier of the other driver involved in the accident. Nationwide denied the claim on or about August 30, 1993. At the hearing before the board, respondent testified that he explained to Kolasky that the physical evidence and the other driver's version of the facts in the police report were diametrically opposed to Kolasky's version. Furthermore, he explained to her that while the only injury she sustained was a leg hurt from pushing on the brake pedal, she was presenting respondent with medical bills from unrelated prior injuries. Respondent testified that he told Kolasky that he did not see the case as having any merit. Respondent testified that he told her he would not pursue the claim any further in any court of law, and she agreed. Since he was still representing her on another matter, respondent overlooked presenting this notification of withdrawal from employment in writing. Kolasky filed a grievance against him on this other matter, after it had been settled. This grievance was eventually dismissed at the state level. Respondent testified that after this other grievance was dismissed she contacted another attorney, Raymond Tisone, regarding the 1992 accident claim. However, by the time she contacted this attorney the statute of limitations had expired. Respondent testified that Kolasky may have changed her mind and decided again to pursue this claim because she was upset that the other grievance against him had been dismissed. She then filed the instant grievance against respondent.

{¶ 3} Respondent and relator stipulated that the actions of respondent violated DR 2-110(A)(2), specifically agreeing that "[r]espondent never effectively notified his client, Frances Kolasky[,] that he was withdrawing from employment in connection with this accident." At the hearing, respondent testified that he entered into this stipulation because, while DR 2-110(A)(2) does not state that withdrawal from a case has to be in writing, maybe a writing was actually required. Relator withdrew the other charges filed against respondent. The relator and respondent agreed that an appropriate sanction for the violation of DR 2-110(A)(2) would be a public reprimand.

2

**{¶ 4}** In its findings of fact and conclusions of law, the panel found that respondent violated DR 2-110(A)(2). In mitigation, the panel conceded that Kolasky was a "troublesome" client, and that the accident claim was of doubtful value. The panel recommended a public reprimand for this violation.

**{¶ 5}** The board adopted the findings of fact and conclusions of law of the panel and recommended that respondent be publicly reprimanded and, further, that the costs of the proceedings be taxed to respondent.

_____

*Hoppe, Frey, Hewitt & Milligan* and *William L. Hawley*, for relator.

*Patrick J. Donlin, pro se.*

_____

**FRANCIS E. SWEENEY, SR., J.**

**{¶ 6}** Because the evidence is insufficient to support a violation of DR 2-110(A)(2), this court finds that the complaint against respondent, Patrick J. Donlin, should be dismissed.

**{¶ 7}** DR 2-110(A)(2) states, in pertinent part, that "*** a lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client ***." The panel concluded that respondent violated DR 2-110(A)(2) because he "did not effectively deal with a difficult situation" regarding the withdrawal from his employment with his client. The panel is apparently referring to the fact that respondent did not notify his client in writing that he was not going to pursue the May 19, 1992 accident claim. Based on the circumstances of this case, we cannot find that this rises to the level of a violation of DR 2-110(A)(2).

**{¶ 8}** The stipulations and evidence at the hearing demonstrate that respondent took photographs, obtained a police report, and communicated with the insurance carrier of the other driver involved in the accident. The evidence further demonstrates that the carrier denied the claim of Kolasky. Respondent testified that

he explained to Kolasky that he believed the case had no merit. Respondent testified that he told Kolasky that he would not pursue her May 19, 1992 accident claim in any court of law and she agreed. However, after the statute of limitations had expired on this accident claim, Kolasky apparently changed her mind and took the case to another attorney. Her decision again to pursue the 1992 accident claim came only after another grievance that she filed against respondent had been dismissed. Kolasky then filed the instant grievance against respondent.

{¶ 9} Based on the above, we find that the evidence demonstrates that respondent adequately protected Kolasky's rights with regard to her accident claim. Furthermore, it is clear from respondent's testimony that he gave Kolasky due notice that he was withdrawing from employment in connection with the accident. While it probably would have been more prudent of respondent to have notified his client in writing that he would not handle the case further, the fact that it was not reduced to writing does not rise to the level of a violation under DR 2-110(A)(2). Thus, we find that respondent should not be bound by his stipulation that he violated DR 2-110(A)(2), as it was entered into under the mistaken belief that he was required to withdraw from his employment in writing.

{¶ 10} Accordingly, the complaint is dismissed.

*Complaint dismissed.*

DOUGLAS, RESNICK, PFEIFER and STRATTON, JJ., concur.

MOYER, C.J., and COOK, J., dissent.

_____

**COOK, J., dissenting.**

{¶ 11} In accordance with the respondent's stipulation that his conduct violated DR 2-110(A)(2) and that a public reprimand is the appropriate sanction, I would impose the public reprimand.

MOYER, C.J., concurs in the foregoing dissenting opinion.

January Term, 1996