GEAUGA COUNTY BAR ASSOCIATION *v.* BRUNER.

[Cite as *Geauga Cty. Bar Assn. v. Bruner,*
98 Ohio St.3d 312, 2003-Ohio-736.]

(No. 2002–1474—Submitted January 8, 2003—Decided March 5, 2003.)

**Per Curiam.**

{¶ 1}  Respondent, Henry B. Bruner of Chagrin Falls, Ohio, Attorney Registration No. 0020420, was admitted to the practice of law in Ohio in 1958.  In a complaint filed on February 4, 2002, relator, Geauga County Bar Association, charged respondent with several violations of the Code of Professional Responsibility.  A panel of the Board of Commissioners on Grievances and Discipline heard the cause and, based on the parties' stipulations and respondent's testimony, made the following findings.

{¶ 2}  From April 1990 until March 2001, respondent regularly employed a woman as his legal secretary and was responsible for withholding federal payroll taxes from her earnings.  For each of the years from 1991 through 2000, respondent calculated the deductions required for his secretary's federal income taxes and FICA contributions, including those for Social Security and Medicare, and withheld those amounts from her salary.  Each year during that same period he provided the secretary with completed federal W–2 wage and tax statement forms showing her income and deductions.  However, he did not report or pay the secretary's withholdings for these periods to the Internal Revenue Service and simply kept the amounts he withheld.

{¶ 3}  The secretary discovered respondent's failure to report and pay her withholdings when the Social Security Administration notified her in February 2001 that it had no record of her employment with him.  Since then, respondent has prepared and filed with the Internal Revenue Service a federal form 941, Employer's Quarterly Federal Tax Return, for each year from 1991 through 2000, inclusive, together with related W–2 and W–3 forms, to document the amounts of income, Social Security, and Medicare taxes that he deducted and should have

paid on his secretary's behalf. According to the 941 forms, respondent failed to report and pay a total of $42,982.80 in these withholdings.

{¶ 4} For his failure to report and remit the 941 liabilities owed on his secretary's earnings to the federal government as required by law and preparing fraudulent W–2 forms for her each year, the panel found respondent in violation of DR 1–102(A)(3) (engaging in illegal conduct involving moral turpitude), (4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and (6) (engaging in conduct that adversely reflects on the attorney's fitness to practice law). And because respondent also failed to report or pay amounts owed for his secretary's coverage by Ohio's unemployment compensation system, the panel found an additional violation of DR 1–102(A)(6).

{¶ 5} In recommending a sanction for this misconduct, the panel consulted the mitigating and aggravating factors enumerated in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings before the Board of Commissioners on Grievances and Discipline. The panel considered mitigating the facts that respondent had no history of disciplinary offenses and that he had reimbursed the state for all owed unemployment-compensation-related liabilities. The panel also considered that while respondent had not begun to make restitution for the taxes owed to the federal government, he had filed the documents needed to assess this liability and would undoubtedly be required to pay interest and penalties. In addition, the panel observed that respondent was cooperative during relator's investigation and that he enjoyed a good reputation in his local legal community.

{¶ 6} These factors, however, did little to offset the aggravating circumstances evident to the panel. Of greatest impact was the panel's determination that while respondent tried to attribute his misconduct to a lack of business acumen, he ultimately conceded that he did not pay federal and state obligations because his practice was not making enough money. Thus, the panel concluded that respondent had basically converted $42,982.80 that he should have paid on his secretary's behalf and that he had tried to conceal his theft with false documentation.

{¶ 7} This dishonesty, together with respondent's failure to appreciate the gravity of his misconduct and the length of time (ten years) during which he repeatedly engaged in it, caused the panel to reject relator's recommendation that respondent receive a six-month suspension from the practice of law, with the entire six months stayed. The panel recommended instead that respondent be indefinitely suspended from the practice of law. The board adopted the panel's findings of misconduct and recommended sanction.

{¶ 8} Upon review, we agree that respondent violated DR 1–102(A)(3), (4), and (6) as found by the board. We also agree that an indefinite suspension is

appropriate. Accordingly, respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, COOK, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

F.E. SWEENEY, J., dissents and would stay a two-year suspension.

———————

Bruce C. Smalheer and Emil F. Sos Jr., for relator.

Henry B. Bruner, pro se.