CUYAHOGA COUNTY BAR ASSOCIATION v. LAZZARO.

[Cite as *Cuyahoga Cty. Bar Assn. v. Lazzaro,* 98 Ohio St.3d 509, 2003-Ohio-2150.]

_____

(No. 2003–0359—Submitted March 12, 2003—Decided May 7, 2003.)

**Per Curiam.**

{¶ 1} Respondent, Charles Lazzaro of Mayfield Heights, Ohio, Attorney Registration No. 0022281, was admitted to the practice of law in Ohio in 1974. On August 12, 2002, relator, Cuyahoga County Bar Association, charged respondent with violations of the Code of Professional Responsibility. A panel of the Board of Commissioners on Grievances and Discipline considered the cause on the parties' discipline-by-consent agreement. See Section 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline of the Supreme Court.

{¶ 2} Respondent concedes that he has had difficulty with substance abuse since 1983. On the evening of November 26, 2001, respondent accepted cocaine as a legal fee from a client, used the drug, and ended up missing the next day in court representing another client during the second day of trial. Respondent also concedes that he did not file income tax returns until 2002 for the years 1997 through 2001 and that he did not request any extensions during that time.

{¶ 3} The parties agreed and the panel found that respondent had violated DR 1–102(A)(5) (conduct prejudicial to the administration of justice) and (6) (conduct that adversely reflects on an attorney's fitness to practice law) and "DR 1–102(A)(3)," incorrectly cited for DR 6–101(A)(3) (neglect of an entrusted legal matter).[1] In recommending a sanction, the panel considered that respondent had no prior disciplinary record, cooperated in the disciplinary process, and has a reputation for being a highly competent defense attorney. The panel also found that respondent had been professionally diagnosed with a depressive disorder and cocaine dependence and that his addiction contributed to the misconduct at issue. Respondent has successfully completed an approved program to combat substance abuse, is currently in recovery, and is able to practice competently and within ethical boundaries.

---

1. DR 1–102(A)(3) prohibits illegal conduct involving moral turpitude. Notwithstanding this, we interpret the panel's reference to DR 1–102(A)(3) as a finding that respondent violated DR 6–101(A)(3) because the panel accepted the consent-by-discipline agreement. The agreement also referred to DR 1–102(A)(3), but it described this misconduct as respondent's having "neglected a legal matter which was entrusted to him." Respondent further denied any violation of DR 1–102(A)(3) in his answer, while he admitted to having violated 6–101(A)(3) in that pleading.

{¶ 4} The panel recommended, consistent with the parties' suggestion, that respondent be suspended from the practice of law for one year but that this sanction be stayed on several conditions. The conditions are (1) that respondent abide by his abstinence contract and remain free of all mood- or mind-altering substances, (2) that he participate in the Ohio Lawyers Assistance Program ("OLAP") sponsored by the Compass House in Lorain, Ohio, and (3) that he participate in relator's mentoring program for a period of two years from the close of this disciplinary proceeding. The board adopted the panel's findings of misconduct and recommendation.

{¶ 5} We agree that respondent violated DR 1–102(A)(5) and (6) and 6–101(A)(3). We also agree that the one-year suspension, stayed on the conditions recommended, is appropriate.

{¶ 6} Respondent has committed to his recovery. He has now filed tax returns for those years for which he was charged with failure to file. Cf. *Disciplinary Counsel v. Baker* (1992), 65 Ohio St.3d 302, 603 N.E.2d 990; and *Disciplinary Counsel v. Bowen* (1988), 38 Ohio St.3d 323, 528 N.E.2d 172 (attorneys' convictions of willful failure to file federal income tax returns warranted one-year actual suspensions from the practice of law).

{¶ 7} Respondent is, therefore, suspended from the practice of law in Ohio for a period of one year. This sanction is stayed, however, on the conditions that he abide by his abstinence contract and remain free of all mood- or mind-altering substances, participate in the recommended OLAP program, and participate in relator's mentoring program for a period of two years from the date of our order. If respondent fails to meet these conditions, the stay shall be lifted and respondent shall serve the full suspension. Costs are taxed to respondent.

Judgment accordingly.

RESNICK, F.E. SWEENEY, PFEIFER, COOK and O'CONNOR, JJ., concur.

MOYER, C.J., and LUNDBERG STRATTON, J., dissent.

---

**LUNDBERG STRATTON, J., dissenting.**

{¶ 8} The Board of Commissioners on Grievances and Discipline recommended a one-year suspension with one year stayed upon conditions agreed upon by the parties in their consent-to-discipline agreement. While I recognize that respondent has a substance-abuse issue, pursuant to Gov.Bar R. V(8)(D), I would reject this agreement, particularly since respondent accepted cocaine as a fee for services and failed to file five years' worth of tax returns. Therefore, I would

remand the matter to the board for a hearing. Accordingly, I respectfully dissent.

MOYER, C.J., concurs in the foregoing dissenting opinion.

———————

Gary S. Fishman and George Forbes, for relator.

Charles Lazzaro, pro se.