Cuyahoga County Bar Association *v.* Freedman.

[Cite as *Cuyahoga Cty. Bar Assn. v. Freedman,*
107 Ohio St.3d 25, 2005-Ohio-5831.]

(No. 2004–2112—Submitted March 29, 2005—Decided November 16, 2005.)

---

**Per Curiam.**

{¶ 1} Respondent, Steven A. Freedman of Cleveland, Ohio, Attorney Registration No. 0025528, was admitted to the Ohio bar in 1976.

{¶ 2} On January 16, 2004, relator, Cuyahoga County Bar Association, filed an amended complaint alleging that respondent had committed multiple violations of the Code of Professional Responsibility. A panel of the Board of Commissioners on Grievances and Discipline held a hearing and made findings of fact, conclusions of law, and a recommendation, all of which the board adopted.

{¶ 3} The panel dismissed Counts II, III, and IV of the amended complaint, finding no clear and convincing evidence of the misconduct charged in those counts. See Gov.Bar R. V(6)(H). We therefore review the board's findings and recommendation regarding the remaining allegations—Counts I, V, and VI—of the amended complaint.

### Misconduct

#### Count One

{¶ 4} In July 2001, William L. Russell retained respondent to represent him in a foreclosure action and paid $625 to the respondent for his services. Respondent, however, never filed an answer on Russell's behalf and never attended any hearings in the case. The trial court entered a default judgment against Russell, and his property was sold at auction by the county sheriff.

{¶ 5} Respondent acknowledged to the panel that he had neglected Russell's case and indicated to the panel that had he called the plaintiff's attorney before the foreclosure sale, Russell would have been able to come up with the money he owed and the foreclosure sale could have been avoided. Russell filed a malpractice action against respondent, and respondent's malpractice insurer settled the case for $35,000.

{¶ 6} The board found that respondent had violated DR 6–101(A)(3) (barring an attorney from neglecting an entrusted legal matter), 7–101(A)(2) (requiring a lawyer to carry out a contract of employment), and 7–101(A)(3) (barring conduct that prejudices or damages a client). Respondent does not object to any of those findings.

### Count Five

{¶ 7} In January 2002, Patricia Daycak retained respondent to represent her in a bankruptcy matter. She wanted to eliminate her debts while retaining possession of her car. Daycak paid a retainer to respondent, but he failed to file her bankruptcy petition until she called his office to inquire about the status of her case. Then respondent arrived three hours late for the first meeting of Daycak's creditors in June 2002.

{¶ 8} Daycak hoped that through the bankruptcy proceeding she would be able to refinance the payments that she owed on her car. Respondent reached an agreement with the creditors to accomplish that goal, but failed to file the necessary paperwork with the bankruptcy court. Because of respondent's failure to file the paperwork, one of the creditors sought to repossess Daycak's car. When discussing the bankruptcy court's order allowing the creditor to repossess the car, respondent told Daycak that "if they can't find it, they can't get it," which he acknowledged to the panel was a statement suggesting to Daycak that she hide the car from her creditors. In the end, Daycak's car was repossessed because respondent failed to file the necessary paperwork to stop that action.

{¶ 9} The board found that respondent had violated DR 1–102(A)(4) (barring conduct involving dishonesty, fraud, deceit, or misrepresentation), 6–101(A)(3), and 7–101(A)(2). Respondent does not object to any of those findings.

### Count Six

{¶ 10} Respondent acknowledged to the panel in September 2004 that he had not filed any federal, state, or local income tax returns since 1993. He also failed to file any income tax returns for his professional corporation after he formed it in 1998. Respondent estimated that he owed roughly $200,000 in past-due taxes.

{¶ 11} The board found that respondent had thereby violated DR 1–102(A)(3) (barring illegal conduct involving moral turpitude), 1–102(A)(5) (barring conduct prejudicial to the administration of justice), and 1–102(A)(6) (barring conduct that adversely reflects on an attorney's fitness to practice law). Respondent does not object to any of those findings.

### Sanction

{¶ 12} In recommending a sanction for respondent's misconduct, the board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The board cited no aggravating factors.

{¶ 13} The board did note several mitigating factors, including the absence of any prior disciplinary record, the absence of a dishonest or selfish motive, full and

free disclosure to the panel and a cooperative attitude during the proceedings, and substantial support for respondent's good character and reputation from magistrates, attorneys, clients, and friends. BCGD Proc.Reg. 10(B)(2)(a), (b), (d), and (e).

{¶ 14} The board also found that respondent suffered from a mental disability—depression—that affected his behavior and contributed to his misconduct, and that finding was supported by the testimony of Gary M. Echt, a licensed professional clinical counselor. BCGD Proc.Reg. 10(B)(2)(g). Echt testified that respondent—with the help of two years of clinical counseling—has progressed well, has a passion for the practice of law, and is in a position to provide ethical and professional service to his clients. Respondent has also relied on the services of a professional management consultant to help him set up more effective procedures in his law office.

{¶ 15} Relator recommended that respondent's license to practice law be suspended for 12 months and that reinstatement be conditioned on several factors: continued therapy for his depression, evidence of restoration of his mental health, continued oversight of his office management practices, and the satisfaction of all outstanding tax liabilities or approval of payment plans. Respondent proposed a six-month stayed suspension. The panel concluded that a 12–month suspension would be appropriate, with respondent's reinstatement conditioned on the payment of all tax obligations or approval of payment plans. The board accepted this recommendation.

{¶ 16} We agree that respondent violated all of the provisions cited in the board's report, and we also agree that a 12–month suspension from the practice of law is appropriate.

{¶ 17} To be sure, we recently imposed stayed suspensions on two lawyers who neglected clients' legal matters and failed to file tax returns. See *Cleveland Bar Assn. v. Smith,* 102 Ohio St.3d 10, 2004-Ohio-1582, 806 N.E.2d 495; *Cuyahoga Cty. Bar Assn. v. Lazzaro,* 98 Ohio St.3d 509, 2003-Ohio-2150, 787 N.E.2d 1182. Yet in one of those cases, the attorney had already filed the tardy tax returns by the time disciplinary proceedings were initiated against her, and in the other case, the attorney had filed the tax returns by the time disciplinary proceedings reached this court. See *Smith,* 102 Ohio St.3d 10, 2004-Ohio-1582, 806 N.E.2d 495, ¶ 6; *Lazzaro,* 98 Ohio St.3d 509, 2003-Ohio-2150, 787 N.E.2d 1182, ¶ 6.

{¶ 18} In the case before us, relator first initiated disciplinary proceedings against respondent in December 2002. Yet when the panel held its hearing in September 2004, respondent still had not filed any state or federal tax returns for any year after 1993. Respondent's failure to file income tax returns has extended over a lengthy period, and he has been slow to address the problem. That misconduct—together with the misconduct described above involving the work

entrusted to him by William Russell and Patricia Daycak—warrants an actual suspension from the practice of law.

{¶ 19} Accordingly, respondent is hereby suspended from the practice of law in Ohio for a period of one year. Before he may be reinstated, respondent must file all overdue tax returns and present evidence of restoration of his mental health. He must also pay all of his outstanding federal, state, and local tax obligations, or enter into payment plans to meet those obligations. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON and O'DONNELL, JJ., concur.

O'CONNOR and LANZINGER, JJ., dissent.

———

**LANZINGER, J., dissenting.**

{¶ 20} I write separately to dissent from the majority's decision to suspend the respondent from the practice of law in Ohio for one year only. Because I believe that respondent's misconduct surrounding the work entrusted to him by his clients coupled with his failure to file a single tax return since 1993 warrants an indefinite suspension, I respectfully dissent.

O'CONNOR, J., concurs in the foregoing opinion.

———

Ellen S. Mandell and Howard Schulman, for relator.

Koblentz & Koblentz, Richard S. Koblentz, and Bryan L. Penvose, for respondent.