CUYAHOGA COUNTY BAR ASSOCIATION *v.* MAROSAN.

[Cite as *Cuyahoga Cty. Bar Assn. v. Marosan,*
109 Ohio St.3d 439, 2006-Ohio-2816.]

(No. 2005–2054—Submitted February 7, 2006—Decided June 21, 2006.)

MOYER, C.J.

{¶ 1} Respondent, Joseph E. Marosan of Middleburg Heights, Ohio, Attorney Registration No. 0025849, was admitted to the Ohio bar in 1984. His license to practice law in Ohio is currently under suspension. *Stark Cty. Bar Assn. v. Marosan,* 106 Ohio St.3d 430, 2005-Ohio-5412, 835 N.E.2d 718.

{¶ 2} In August 2004, the Stark County Bar Association filed a disciplinary complaint charging respondent with four counts of professional misconduct. The Cuyahoga County Bar Association also filed a complaint against respondent, and in October 2004, the matters were consolidated for hearing and decision. The relator notes and respondent agrees that prior to the hearing in that case, the Cuyahoga County Bar Association had learned of an additional alleged act of misconduct and attempted to amend the pending complaint. The hearing panel denied that request and proceeded with the first amended complaint. The board found that respondent had committed violations in all of the counts, and we

adopted the board's recommendation of a 24–month suspension with 18 months stayed on conditions. *Stark Cty. Bar Assn. v. Marosan*, 106 Ohio St.3d 430, 2005-Ohio-5412, 835 N.E.2d 718. We later revoked the stay and ordered respondent to serve the entire two-year suspension for failing to comply with the suspension order. *Stark Cty. Bar Assn. v. Marosan*, 108 Ohio St.3d 1220, 2006-Ohio-1505, 844 N.E.2d 846.

{¶ 3} In June 2005, in the separate case now at bar, relator, Cuyahoga County Bar Association, filed an amended complaint charging respondent with six counts of professional misconduct. The first five counts were the same charges that relator had not been able to consolidate in the original *Stark Cty. Bar Assn. v. Marosan* disciplinary proceeding. The sixth count included an allegation that during respondent's deposition in the first disciplinary action, he failed to testify truthfully. A panel of the Board of Commissioners on Grievances and Discipline heard the cause and made findings of fact, conclusions of law, and a recommendation, which the board adopted.

## Misconduct

### Count I

{¶ 4} Marjorie Chorpening retained respondent in November 2002 to open the probate estate of her late husband. Respondent requested and received a $500 retainer—for which he performed no work and did not open the probate estate as promised.

{¶ 5} The board found that respondent had violated DR 6–101(A)(3) (barring an attorney from neglecting an entrusted legal matter), DR 7–101(A)(1) (barring an attorney from intentionally failing to seek the lawful objectives of a client), and DR 7–1010(A)(2) (barring an attorney from intentionally failing to fulfill a contract of employment).

### Count II

{¶ 6} Respondent failed to deposit Chorpening's retainer into a trust account and keep it there until earned. The board found that this conduct violated DR 9–102(A) (failure to maintain client funds in a separate account).

### Count III

{¶ 7} Respondent failed to return Chorpening's retainer and her husband's last will and testament. Finally, in November 2004, two years after he was retained, he delivered the funds and the documents to relator. The board concluded that by this conduct respondent had violated DR 9–102(B)(4) (failure to promptly pay or deliver on demand all funds and property belonging to the client).

### Count IV

{¶ 8} During 2002 through 2004, respondent failed to maintain professional liability insurance and failed to advise clients of his lack of insurance and to secure their written acknowledgements. The board found that this conduct violated DR 1–104(A) and (B) (requiring attorneys to notify clients of insufficient liability insurance).

### Count V

{¶ 9} Respondent failed to timely respond to multiple letters from the Cleveland Bar Association, which was investigating the complaint. The board found that by this conduct respondent had violated Gov.Bar R. V(4)(G) (requiring attorneys to assist in the investigation of a disciplinary matter).

### Count VI

{¶ 10} Relator alleged in its amended complaint that respondent had failed to respond truthfully to investigators and to testify truthfully at his deposition. Specifically, relator argued that respondent had failed to testify truthfully regarding his health, his visits to medical providers, and his medical condition's effect on his health and his ability to work. Relator conducted an extensive cross-examination of respondent, interspersed with questions and discussion by members of the panel. Upon completion of the relator's evidence, respondent moved to dismiss the count for insufficient evidence, and the panel unanimously dismissed Count VI.

### Sanction

{¶ 11} In recommending a sanction for this misconduct, the board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). As aggravating factors, the board found that respondent had had three prior complaints against him, one of which the board had dismissed and two of which were then pending before this court. Further, the board found that respondent had committed multiple offenses and that there was a pattern of misconduct. Additionally, respondent did not cooperate in the disciplinary process, and the board found that respondent had not been forthcoming with the panel. BCGD Proc. Reg. 10(B)(1)(c), (d), and (e). In mitigation, the board found that respondent did not act from a dishonest or selfish motive and that Chorpening ultimately suffered little harm beyond delay and inconvenience. BCGD Proc.Reg. 10(B)(2)(b).

{¶ 12} The board recommended that respondent's license to practice law in Ohio be suspended for six months. Finding that this misconduct was similar to

misconduct pending before this court, the board also recommended that the suspension be served concurrently with any suspension imposed in *Stark Cty. Bar Assn. v. Marosan*.

{¶ 13} Relator objects to that recommendation, arguing that a concurrent suspension would not adequately punish respondent for his misconduct. Relator also asks this court to revive the dismissed count. Our disposition of this issue is controlled by Gov.Bar R. V(6)(H), which provides that when a unanimous panel finds insufficient evidence to support a count, it may dismiss the count without referring it to the board or this court for review. *Columbus Bar Assn. v. Dougherty*, 105 Ohio St.3d 307, 2005-Ohio-1825, 825 N.E.2d 1094, ¶ 9; *Columbus Bar Assn. v. Ross*, 107 Ohio St.3d 354, 2006-Ohio-5, 839 N.E.2d 918, ¶ 17. We do not review such dismissals. See *Cuyahoga Cty. Bar Assn. v. Freedman*, 107 Ohio St.3d 25, 2005-Ohio-5831, 836 N.E.2d 559, ¶ 3. Count VI was dismissed for lack of sufficient evidence, and we will not disturb that finding.

{¶ 14} We agree that respondent has committed the misconduct described in Counts I through V but conclude that the sanction recommended by the board is inappropriate. Respondent accepted a retainer from a client and failed to conduct any work on her behalf for two years. Only after the Cuyahoga County Bar Association intervened did respondent return documents and funds to the client. "Taking retainers and failing to carry out contracts of employment is tantamount to theft of the fee from the client." *Cincinnati Bar Assn. v. Weaver*, 102 Ohio St.3d 264, 2004-Ohio-2683, 809 N.E.2d 1113, ¶ 16.

{¶ 15} Additionally, respondent failed to respond to numerous letters and requests from the relator and was not forthcoming with the hearing panel. "As we have consistently held, neglect of legal matters and the failure to cooperate in the ensuing disciplinary investigation warrant an indefinite suspension from the practice of law." *Columbus Bar Assn. v. Torian*, 106 Ohio St.3d 14, 2005-Ohio-3216, 829 N.E.2d 1210, ¶ 17, citing *Disciplinary Counsel v. Treneff*, 104 Ohio St.3d 336, 2004-Ohio-6562, 819 N.E.2d 695, ¶ 16.

{¶ 16} The board found that this misconduct was duplicative of and cumulative to respondent's previous misconduct, warranting only a concurrent suspension. We disagree. Moreover, contrary to the board's determination, we find that respondent acted with a dishonest or selfish motive. When a lawyer accepts a retainer, deposits it in the lawyer's personal account, and fails to perform any legal work on behalf of that client, a sanction for that misconduct is appropriate. For purposes of determining an appropriate sanction, the conduct in this complaint is independent of the conduct in *Stark Cty. Bar Assn. v. Marosan*.

{¶ 17} Accordingly, respondent is hereby suspended from the practice of law in Ohio for six months. This suspension is to be served consecutively to the

suspension imposed in *Stark Cty. Bar Assn. v. Marosan,* 106 Ohio St.3d 430, 2005-Ohio-5412, 835 N.E.2d 718. Costs are taxed to respondent.

Judgment accordingly.

RESNICK, LUNDBERG STRATTON, O'CONNOR and LANZINGER, JJ., concur.

PFEIFER and O'DONNELL, JJ., dissent and would impose a six-month suspension to run concurrently with respondent's present suspension.

———

Howard Schulman, Ellen S. Mandell, and Justin Madden, for relator.

Gallagher Sharp, Alan M. Petrov, and J. Colin Knisely, for respondent.