CUYAHOGA COUNTY BAR ASSOCIATION *v.* FREEDMAN.

[Cite as *Cuyahoga Cty. Bar Assn. v. Freedman,*
119 Ohio St.3d 571, 2008-Ohio-5220.]

(No. 2008-0772—Submitted June 24, 2008—Decided October 14, 2008.)

**Per Curiam.**

{¶ 1} Respondent, Steven A. Freedman of Cleveland, Ohio, Attorney Registration No. 0025528, was admitted to the practice of law in Ohio in 1976. On November 16, 2005, we suspended respondent's license to practice for one year for professional misconduct, including his failure to file any federal, state, or local income tax returns for ten years, his dishonest conduct toward a client, and his neglect of two clients' cases. See *Cuyahoga Cty. Bar Assn. v. Freedman,* 107 Ohio St.3d 25, 2005-Ohio-5831, 836 N.E.2d 559. On May 22, 2006, we found respondent in contempt of our order because he had not surrendered his attorney registration card or filed his affidavit of compliance. Although respondent has since purged himself of contempt, he has not applied for reinstatement, and his license has not been reinstated. He remains under a second suspension for noncompliance with attorney-registration requirements. *In re Attorney Registration Suspension [Freedman],* 116 Ohio St.3d 1420, 2007-Ohio-6463, 877 N.E.2d 305.

{¶ 2} The Board of Commissioners on Grievances and Discipline now recommends that we again suspend respondent's license to practice, this time for a six-month period to commence on the date of our order. The board's recommendation is based on findings that respondent violated ethical duties by failing after his 2005 suspension to return unearned fees and a case file to a client. We agree

that respondent committed professional misconduct as found by the board and that a six-month suspension is appropriate.

{¶ 3} Relator, Cuyahoga County Bar Association, charged respondent in a two-count complaint with having violated DR 9–102(B)(4) (requiring a lawyer to promptly pay or deliver funds and property to which a client is entitled) and our order pursuant to Gov.Bar R. V(8)(E)(1)(c) ordering him to repay unearned fees after his suspension. A panel of the board considered the case on the parties' stipulations of misconduct and joint proposal for a six-month suspension, stayed on the conditions that respondent comply with our suspension and contempt orders, and recommended that sanction. The board adopted the panel's findings of misconduct but recommended a six-month actual suspension of respondent's license.

{¶ 4} Neither party has objected to the board's report.

### Misconduct

{¶ 5} In October 2005, Margarita Santana paid respondent $1,600 in legal fees. In December 2005, respondent notified Santana that he had been suspended from practice, but he did not refund any unearned fees. Respondent also did not provide Santana's case file, although he did offer to arrange delivery of the file to the client.

{¶ 6} Santana sent respondent a letter in January 2006, asking him to send her a partial refund and forward her file to her new attorney. By that time, respondent had changed addresses but had notified neither his client nor this court's Attorney Registration Office. He did not reply to Santana's requests.

{¶ 7} Santana filed a grievance with relator, and the board issued a formal complaint against him. Because respondent had not updated his attorney registration record, the board served notice of the complaint at outdated addresses. Respondent did not answer timely; however, upon relator's service of a motion for default at a newly discovered address, he sought and was granted leave to file an answer. After answering, respondent sent Santana the requested refund and her file.

{¶ 8} We accept the parties' stipulations and find that respondent violated DR 9–102(B)(4) and our order pursuant to Gov.Bar R. V(8)(E)(1)(c) that he refund unearned fees and return client files.

### Sanction

{¶ 9} The parties also stipulated to the aggravating and mitigating factors that, in combination with respondent's misconduct, the board found to warrant a six-month suspension. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on

Grievances and Discipline. Aggravating factors include that (1) respondent has a prior record of discipline and did not promptly comply with that suspension order and (2) his failure to comply with attorney-registration requirements impeded the disciplinary process. Mitigating factors include that respondent (1) did appropriately participate in the proceedings upon receiving the complaint against him, (2) has made restitution and rectified the consequences of his misconduct, and (3) submitted evidence of his good character and reputation apart from the underlying misconduct. Also in mitigation, the parties stipulated that respondent's misconduct resulted in part from the mental disability—depression—from which he has suffered since his first disciplinary infractions and for which he continues to receive treatment.

{¶ 10} We accept the parties' stipulations and adopt the board's recommended sanction. We suspend respondent from the practice of law in Ohio for six months, beginning on the date of this order. To apply for reinstatement, respondent must comply with the requirements of Gov.Bar R. V(10). Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Thompson Hine, L.L.P., and Laura A. Hauser; and Ellen S. Mandell, Bar Counsel, for relator.

Martin H. Schiff, for respondent.