CUYAHOGA COUNTY BAR ASSOCIATION *v*. VENEZIANO.

[Cite as *Cuyahoga Cty. Bar Assn. v. Veneziano*,

120 Ohio St.3d 451, 2008-Ohio-6789.]

*Attorneys at law — Misconduct — Conduct adversely reflecting on fitness to practice law — Failure to withhold payroll taxes and to pay personal income taxes — One-year stayed suspension.*

(No. 2008-0824 — Submitted August 26, 2008 — Decided December 30, 2008.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 07-003.

_____

**Per Curiam**.

{¶ 1}  Respondent, Anne D. Veneziano of Beachwood, Ohio, Attorney Registration No. 0064382, was admitted to the practice of law in Ohio in 1995. The Board of Commissioners on Grievances and Discipline recommends that we suspend her license to practice for one year, staying the suspension on remedial conditions, based on findings that she (1) failed for years to pay federal and state withholding taxes for employees of her law office and (2) has been subject to numerous tax liens for failing to timely file returns and pay her own federal and state income taxes. We agree that respondent violated the Code of Professional Responsibility as found by the board and that a one-year suspension, stayed on conditions including the recommended two-year monitored probation of her practice, is appropriate.

{¶ 2}  In charging respondent with professional misconduct, relator, Cuyahoga County Bar Association, filed a complaint with counts numbered 1, 2, 3, 5, 6, 7, and 8, inadvertently failing to designate a fourth count. A panel of the board heard the case, and in preliminary proceedings, the panel chairwoman

granted relator's motion to dismiss Counts 2, 6, and 8 with prejudice and Count 3 without prejudice. The panel then found violations of DR 1-102(A)(6) (prohibiting conduct that adversely reflects on a lawyer's fitness to practice law) relative to Counts 1 and 7 and a violation of DR 9-102(A) (requiring a lawyer to maintain client funds, other than advances for costs and expenses, in a separate identifiable bank account) relative to Count 5 and recommended the one-year stayed suspension. The board adopted the panel's findings as to Counts 1 and 7, dismissed as unfounded the commingling charge in Count 5, and also adopted the recommended sanction.

{¶ 3} Respondent objects to the board's report, arguing that her misconduct was not deliberate and warrants no more than a public reprimand. She insists that the failure to comply with tax-withholding and income-reporting requirements resulted from excusable ignorance and that the panel erred in rejecting the parties' stipulation and her testimony to that effect. We reject respondent's explanation and overrule the objection.

**Misconduct**

*Count 1*

{¶ 4} Since her 1995 bar admission, respondent has practiced primarily on her own. Respondent stipulated that she did not report income or pay required withholding taxes for employees of her law office for the tax years 1995 through 2001. In explanation, she testified that she had had no knowledge prior to 2002, when she consulted a tax attorney, of an employer's obligation to withhold employee compensation for income tax purposes and had left the financial affairs of the law office to her husband of many years, a certified public accountant.

{¶ 5} In addition to her law degree, respondent has a bachelor's degree in psychology and a master's degree in social work. She was briefly enrolled in a master's degree program in tax law, she spent four years in medical school, and she is currently pursuing a doctorate in clinical psychology. Given respondent's

advanced education and experience, her professed obliviousness to laws requiring employer withholding carries little weight. Lawyers, just like other employers, must realize their duty to pay withholding for their employees and may not avoid this responsibility by claiming "lack of business acumen." *Geauga Cty. Bar Assn. v. Bruner*, 98 Ohio St.3d 312, 2003-Ohio-736, 784 N.E.2d 687, ¶ 6.

{¶ 6} In her objections, respondent urges us to rely on the parties' stipulation that she did not deliberately fail to pay withholding. But as relator observes, we are the final arbiters in disciplinary cases, *Ohio State Bar Assn. v. Reid* (1999), 85 Ohio St.3d 327, 330, 708 N.E.2d 193, and are not bound by the parties' stipulation to facts or misconduct, *Trumbull Cty. Bar Assn. v Donlin* (1996), 76 Ohio St.3d 152, 155, 666 N.E.2d 1137. The objection is overruled.

{¶ 7} Respondent's failure to withhold federal payroll taxes from her employees' earnings for seven years violated DR 1-102(A)(6). Accord *Bruner*, 98 Ohio St.3d 312, 2003-Ohio-736, 784 N.E.2d 687.

*Count 7*

{¶ 8} Respondent stipulated that 17 tax liens have been filed against her as a result of her failure to timely file federal and state income tax returns and pay taxes owed for the years 2001 through 2005. She thereby violated DR 1-102(A)(6). Accord *Cleveland Bar Assn. v. Smith*, 102 Ohio St.3d 10, 2004-Ohio-1582, 806 N.E.2d 495.

**Sanction**

{¶ 9} When imposing sanctions for attorney misconduct, we consider relevant factors, including the duties the lawyer violated, the lawyer's mental state, and sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli,* 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and

Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21. Because each disciplinary case is unique, we are not limited to the factors specified in the rule but may take into account "all relevant factors" in determining what sanction to impose. BCGD Proc.Reg. 10(B).

{¶ 10} Respondent violated duties to the public and the legal profession by failing to pay withholding taxes for her employees and her income taxes. We typically suspend lawyers from practice for the willful failures to pay taxes. *Disciplinary Counsel v. Baker* (1992), 65 Ohio St.3d 302, 603 N.E.2d 990; and *Disciplinary Counsel v. Bowen* (1988), 38 Ohio St.3d 323, 528 N.E.2d 172 (attorneys' convictions of willful failure to file federal income tax returns warranted a one-year actual suspension from the practice of law for each). Though the parties agree that respondent's deficiencies were not willful, her claimed complete ignorance of fundamental withholding and income tax obligations does not, as she seems to assert, have the mitigating effect of a causally related mental disability or chemical dependence on her misconduct. Cf. BCGD Proc.Reg. 10(B)(2)(g) and *Cuyahoga Cty. Bar Assn. v. Lazzaro*, 98 Ohio St.3d 509, 2003-Ohio-2150, 787 N.E.2d 1182 (lawyer with cocaine addiction who had failed to file income tax returns for five years and also missed a court date after accepting cocaine in lieu of legal fee received a one-year conditionally stayed suspension).

{¶ 11} Respondent voluntarily reported to tax authorities and has since been negotiating to establish a payment schedule to satisfy her federal and state income tax delinquency, efforts that we have previously found mitigating. See *Smith*, 102 Ohio St.3d 10, 2004-Ohio-1582, 806 N.E.2d 495, ¶ 6 (lawyer had already filed the tardy tax returns by the time disciplinary proceedings were initiated against her); and *Lazzaro*, 98 Ohio St.3d 509, 2003-Ohio-2150, 787 N.E.2d 1182, ¶ 6 (lawyer had filed the tax returns by the time disciplinary

proceedings reached this court). Respondent also has no prior disciplinary record. See BCGD Proc.Reg. 10(B)(2)(a). Finally, respondent has established her overall good character and reputation apart from the underlying incidents. See BCGD Proc.Reg. 10(B)(2)(e). Witnesses repeatedly testified to her integrity and compassion in representing clients, including her respect for them and the legal system.

{¶ 12} The primary purpose of the disciplinary process is to protect the public from lawyers who are unworthy of the trust and confidence essential to the attorney-client relationship and to allow us to ascertain the lawyer's fitness to practice law. *Disciplinary Counsel v. Agopian*, 112 Ohio St.3d 103, 2006-Ohio-6510, 858 N.E.2d 368, ¶ 10, citing *Disciplinary Counsel v. O'Neill,* 103 Ohio St.3d 204, 2004-Ohio-4704, 815 N.E.2d 286, ¶ 53, and *Ohio State Bar Assn. v. Weaver* (1975), 41 Ohio St.2d 97, 100, 70 O.O.2d 175, 322 N.E.2d 665. In this case, that goal is served by a one-year suspension stayed on the condition that respondent complete two years of monitored probation in accordance with Gov.Bar R. V(9).

{¶ 13} We therefore suspend respondent from the practice of law in Ohio for one year. The suspension is stayed on the conditions that respondent successfully complete a two-year term of probation, during which she must complete at least 12 hours of continuing legal education relating to law-office management, allow a monitoring attorney appointed by relator to oversee the office management of her practice, and engage in no further professional misconduct. If respondent fails to comply with the terms of the stay and probation, the stay will be lifted and respondent will serve the entire one-year suspension.

{¶ 14} Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———————————————

Ellen S. Mandell, Bar Counsel, Andrew A. Zashin, and Leif B. Christman, for relator.

Kegler, Brown, Hill & Ritter and Geoffrey Stern; Barry Y. Freeman; and Anne D. Veneziano, pro se, for respondent.

———————————————