**DAYTON BAR ASSOCIATION *v.* SCHRAM.**

[Cite as *Dayton Bar Assn. v. Schram,* **122 Ohio St.3d 8, 2009-Ohio-1931.]**

*Attorneys at law — Misconduct — Failure to withhold and pay taxes of employees — Failure to file income tax returns — Disbarment.*

(No. 2008-2403 — Submitted February 4, 2009 — Decided April 30, 2009.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 08-016.

_____

**Per Curiam**.

**{¶ 1}** Respondent, Deborah C. Schram of Dayton, Ohio, Attorney Registration No. 0025554, was admitted to the practice of law in Ohio in 1978. On August 30, 2007, we suspended respondent's license to practice pursuant to Gov.Bar R. V(5)(A)(4) upon receiving notice that she had been convicted of a felony for failing to pay federal withholding for her employees. See *In re Schram*, 114 Ohio St.3d 1517, 2007-Ohio-4425, 872 N.E.2d 956. Respondent's license is also under suspension for her failure to register as an attorney for the 2007-2009 biennium. *In re Atty. Registration Suspension of Schram*, 116 Ohio St.3d 1420, 2007-Ohio-6463, 877 N.E.2d 305.

**{¶ 2}** The Board of Commissioners on Grievances and Discipline recommends that we now permanently disbar respondent, based on findings that she failed to file federal, state, and municipal income taxes for over 20 years, failed for much of that time to pay federal withholding for her employees, and has been convicted of federal tax crimes as a result. We agree that respondent violated the Disciplinary Rules of the former Code of Professional Responsibility as found by the board and that respondent's disbarment is warranted.

**{¶ 3}** Relator, Dayton Bar Association, charged respondent with professional misconduct, including violations of DR 1-102(A)(4) (prohibiting a lawyer from engaging in conduct involving fraud, deceit, dishonesty, or misrepresentation) and 1-102(A)(6) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law). A panel of the board heard the case, found the cited Disciplinary Rule violations, and recommended disbarment. The board adopted the panel's findings and recommendation.

**{¶ 4}** Respondent has not filed objections to the board's report.

## Misconduct

**{¶ 5}** For most of her career, respondent has been a domestic relations lawyer in solo practice. From 1979 through 2001, respondent did not file federal, state, and municipal income tax returns. For roughly the same period, respondent did not withhold federal income taxes or pay FICA contributions for her employees. In 2002, she turned herself in to federal tax authorities and later filed delinquent returns for the years 1989 through 2001.

**{¶ 6}** On June 5, 2007, respondent pleaded guilty to a violation of Section 7202, Title 26, U.S.Code (willful failure to collect or pay over tax), a felony, for failing to pay $8,451.97 in withholdings for the second quarter of 2002. She also pleaded guilty to a violation of Section 7203, Title 26, U.S.Code (failing to file tax return), a misdemeanor, for failing to report her $250,485 gross income in 1999. Respondent has completed her sentence of one year's imprisonment. As part of her sentence, respondent is required to pay restitution to the Internal Revenue Service. As of the September 23, 2008 panel hearing, she still owed approximately $200,000.

**{¶ 7}** The board found clear and convincing evidence that respondent had violated DR 1-102(A)(4) and (6) by failing to file federal income tax returns,

failing to pay those taxes, and failing to report and pay her employees' withholding as required. We accept these findings of misconduct.

### Sanction

**{¶ 8}** When imposing sanctions for attorney misconduct, we consider relevant factors, including the duties violated by the lawyer and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli,* 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21. Because each disciplinary case is unique, we are not limited to the factors specified in the rule but may take into account "all relevant factors" in determining what sanction to impose. BCGD Proc.Reg. 10(B).

**{¶ 9}** Respondent breached duties owed to the public and the legal profession for approximately 20 years by ignoring obligations to report and pay income taxes and withholding contributions. As to sanctions in similar cases, the board compared respondent's misconduct first with *Cuyahoga Cty. Bar Assn. v. Freedman,* 107 Ohio St.3d 25, 2005-Ohio-5831, 836 N.E.2d 559, in which a lawyer had neglected the affairs of two clients in addition to failing to file tax returns for ten years. That lawyer also owed approximately $200,000 in past-due taxes but, unlike respondent, presented evidence of a mitigating mental disability that had contributed to cause his misconduct. See BCGD Proc.Reg. 10(2)(g). We suspended the lawyer from practice for 12 months and conditioned his reinstatement upon proof of his restored mental health and the repayment of his tax obligations.

**{¶ 10}** The board also looked to *Dayton Bar Assn. v. Lewis* (1999), 84 Ohio St.3d 517, 705 N.E.2d 1217, in which the lawyer acted dishonestly in a fee

dispute, violated rules for trust accounts, failed to file or pay income taxes for five years, and then, upon filing for bankruptcy, misrepresented to the bankruptcy court that he had received extensions for filing the returns. For this misconduct and because the lawyer had a significant prior disciplinary record, we suspended the lawyer from practice indefinitely. Accord *Geauga Cty. Bar Assn. v. Bruner*, 98 Ohio St.3d 312, 2003-Ohio-736, 784 N.E.2d 687 (lawyer indefinitely suspended from practice for failing to report and pay federal and state withholdings from his secretary's pay for over ten years).

{¶ 11} Common to these cases is the lawyers' willful intent to evade tax or withholding obligations. Cf. *Cuyahoga Cty. Bar Assn. v. Veneziano*, 120 Ohio St.3d 451, 2008-Ohio-6789, 900 N.E.2d 185 (one-year suspension, stayed on conditions of monitored probation and office-management training, imposed for lawyer who left financial affairs to her husband, a certified public accountant, resulting in a seven-year failure to withhold payroll taxes and five-year failure to timely file federal and state income tax returns). As to her intent, respondent similarly realized that she had denied her employees their contributions for Social Security and that she was enjoying the financial advantages of living tax-free. But even worse, she defaulted for far longer than did the lawyers in *Freedman*, *Lewis*, and *Bruner*. Indeed, "[t]he sheer breadth of respondent's default must be seen as an aggravating circumstance." *Toledo Bar Assn. v. Abood*, 104 Ohio St.3d 655, 2004-Ohio-7015, 821 N.E.2d 560.

{¶ 12} Other aggravating factors include respondent's previous record of discipline, see *Dayton Bar Assn. v. Schram*, 98 Ohio St.3d 512, 2003-Ohio-2063, 787 N.E.2d 1184 (public reprimand for collecting a nonrefundable legal fee in a divorce case) and incomplete restitution, see BCGD Proc.Reg. 10(B)(1)(a) and (i). In mitigation, respondent offers many letters commending her professional competence, dedication to her clients, and philanthropic contributions to her community. She has also cooperated in the disciplinary proceedings, and we take

into account that other penalties have been imposed for her wrongdoing. See BCGD Proc.Reg. 10(B)(2)(d), (e), and (f).

{¶ 13} Like the board, we agree that the mitigating factors are outweighed by the gravity of respondent's misconduct and the aggravating features of her case. We therefore accept the board's recommendation. Respondent is hereby permanently disbarred from the practice of law in Ohio.

{¶ 14} Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Andrew C. Storar, for relator.

David P. Williamson, for respondent.

_____