LAKE COUNTY BAR ASSOCIATION *v.* EZZONE.

[Cite as *Lake Cty. Bar Assn. v. Ezzone,*
102 Ohio St.3d 79, 2004-Ohio-1774.]

(No. 2003–2201—Submitted February 3, 2004—Decided April 21, 2004.)

**Per Curiam.**

{¶ 1} Respondent, Donald J. Ezzone of Willoughby, Ohio, Attorney Registration No. 0021000, was admitted to the Ohio bar in 1975. On June 9, 2003, relator, Lake County Bar Association, charged that respondent had been convicted of failing to file a federal income tax return and thereby violated DR 1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). A panel of the Board of Commissioners on Grievances and Discipline considered the cause on the parties' consent-to-discipline agreement. See Section 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline of the Supreme Court ("BCGD Proc.Reg.").

{¶ 2} According to the parties' agreement, respondent pled guilty on January 22, 2002, to one misdemeanor count of failing to file an income tax return in violation of Section 7203, Title 26, U.S.Code. He was sentenced to home confinement for six months and placed on probation for one year. Respondent has since submitted a payment plan proposal to the IRS and is awaiting that agency's response.

{¶ 3} The parties also stipulated in the agreement to mitigating factors for the panel's consideration. See BCGD Proc.Reg. 10. The parties stipulated that respondent has no prior record of professional discipline, has cooperated fully in relator's investigation, and has at all times accepted responsibility for his misconduct. See BCGD Proc.Reg. 10(B)(2)(a) and (d). Moreover, respondent's misconduct did not involve lies to a court or client, *Dayton Bar Assn. v. Millonig* (1999), 84 Ohio St.3d 403, 704 N.E.2d 568 (implying that the most serious violations of DR 1–102[A][4] involve dishonesty toward a client or court), he has already been penalized for his actions by the criminal justice system, BCGD Proc.Reg. 10(B)(2)(f), and he was embroiled at the time of his misconduct in protracted divorce and custody proceedings. Finally, respondent's character and

reputation are highly regarded by the legal community, as evidenced by the numerous letters of reference submitted by his colleagues. BCGD Proc.Reg. 10(B)(2)(e).

{¶ 4} As a sanction for his misconduct, the parties jointly suggested that respondent receive a one-year suspension from the practice of law, with the entire period stayed on the conditions that he resolve his outstanding tax obligation with the IRS and commit no further misconduct. In addition, the parties proposed probationary supervision and that respondent periodically re-port to a person or entity designated by the board and verify his satisfaction of the delinquent tax debt.

{¶ 5} The panel accepted the consent-to-discipline agreement, thereby finding that respondent had violated DR 1–102(A)(4) and recommending the sanction submitted by the parties. The board also accepted the agreement, found the cited misconduct, and recommended, in effect, that respondent's law license be suspended for one year and that the entire suspension be stayed on the specified conditions.

{¶ 6} Based on the consent-to-discipline agreement, we find that respondent's conviction of failing to file his federal income tax return constitutes a violation of DR 1–102(A)(4). In light of the mitigating factors, we also agree that a one-year suspension, stayed on conditions and with supervised probation, is appropriate. *Disciplinary Counsel. v. Markijohn,* 99 Ohio St.3d 489, 2003-Ohio-4129, 794 N.E.2d 24.

{¶ 7} Accordingly, respondent is hereby suspended from the practice of law in Ohio for one year; however, this suspension is stayed on the conditions that (1) he serve a one-year probation period during which he resolves his federal tax debt and periodically reports to verify his progress to a supervisory person or entity designated by the board, and (2) he commit no further misconduct during the stayed suspension. If respondent violates either condition of this stay, the stay will be lifted, and respondent will serve the entire suspension period. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Theodore M. Mann Jr. Law Offices and Theodore M. Mann Jr., for relator.

John A. Fatica and Michael C. Hennenberg, for respondent.