DISCIPLINARY COUNSEL *v.* SCHULER.

[Cite as *Disciplinary Counsel v. Schuler,* 138 Ohio St.3d 346, 2014-Ohio-1127.]

*Attorneys—Misconduct—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation and in conduct adversely reflecting on fitness to practice law—Indefinite suspension, with credit for time served under an interim felony suspension.*

(No. 2012-1714—Submitted October 9, 2013—Decided March 26, 2014.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 12-018.

————————————

**Per Curiam**.

**{¶ 1}** Respondent, Robert Carl Schuler of Dublin, Ohio, Attorney Registration No. 0053140, was admitted to the practice of law in Ohio in 1991. On October 6, 2011, we suspended Schuler's license to practice law on an interim basis following his September 20, 2011 felony conviction for filing a false tax return. *In re Schuler*, Case No. 2011-1678, 2011-Ohio-5139.

**{¶ 2}** In April 2012, relator, disciplinary counsel, filed a complaint charging Schuler with two violations of the Code of Professional Responsibility arising from the conduct that resulted in his felony conviction.[1] In accordance with BCGD Proc.Reg. 11, the parties submitted a consent-to-discipline agreement containing a recommendation that Schuler be suspended for 18 months with credit for time served under the interim suspension. On the recommendation of a panel of its members, the Board of Commissioners on Grievances and Discipline

————————————

1. Relator charged Schuler with misconduct under the Disciplinary Rules of the Code of Professional Responsibility for acts occurring before February 1, 2007, the effective date of the Rules of Professional Conduct.

recommended that we adopt the consent-to-discipline agreement, but we rejected the parties' recommended sanction and remanded the matter to the board for further proceedings. *Disciplinary Counsel v. Schuler*, 134 Ohio St.3d 1463, 2013-Ohio-502, 983 N.E.2d 364.

{¶ 3} On remand, the parties submitted stipulations of fact, misconduct, and aggravating and mitigating factors and recommended that Schuler serve a two-year suspension with credit for time served under his interim felony suspension. A panel of the board conducted a hearing and adopted the parties' stipulations of fact and misconduct, but the panel determined that Schuler's misconduct warranted an indefinite suspension with credit for time served. The board adopted the panel's report in its entirety, and no objections have been filed.

{¶ 4} Having reviewed the record, we accept the board's findings of fact and misconduct and agree that an indefinite suspension with credit for time served is the appropriate sanction in this case.

## Misconduct

{¶ 5} In March 2011, Schuler pled guilty to one felony count of filing a false tax return in violation of 26 U.S.C. 7206(1) in the United States District Court for the Southern District of Ohio. As part of his plea agreement, Schuler admitted that he knowingly and willfully made and subscribed to a tax return for calendar year 2002 that he did not believe to be true and correct. Specifically, Schuler's 2002 tax return reported a total adjusted gross income of $1,162,087, but Schuler knew that he had received an additional $360,000 in business income that he did not include on the return. The United States dismissed two other counts against Schuler—a count for conspiracy to commit mail and wire fraud and a count for false declarations before a grand jury.

{¶ 6} On September 20, 2011, the federal court sentenced Schuler to one year of probation in a home-confinement program and assessed him a $50,000 fine. The court and probation authorities ordered Schuler to pay the fine in

installments of $1,000 per month, and the judge waived the requirement that he pay interest.

**{¶ 7}** At the May 2013 panel hearing, Schuler testified that he had completed his probation in September 2012 and was current on the installment payments for his fine. Schuler also testified that in 2009, during the course of the federal investigation, he had sent the Internal Revenue Service ("IRS") a check for approximately $80,000, which was the amount of taxes that his accountant had determined he should have paid on the unreported $360,000 in income. According to Schuler, the IRS accepted his check, although he acknowledged that the agency has authority to issue other civil penalties for late payment.

**{¶ 8}** Based on this record, the board found that Schuler's conduct violated DR 1-102(A)(4) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and (A)(6) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law). We agree with the board's findings of misconduct.

### Sanction

**{¶ 9}** When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B). *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21. However, because each disciplinary case is unique, we are not limited to the factors specified in BCGD Proc.Reg. 10(B) and may take into account all relevant factors in determining which sanction to impose.

*Aggravating and mitigating factors*

**{¶ 10}** In aggravation, the parties have stipulated and the board has found that Schuler acted with a dishonest motive. *See* BCGD Proc.Reg. 10(B)(1)(b). Mitigating factors include the absence of a prior disciplinary record, cooperation in the disciplinary process, and imposition of other penalties or sanctions— namely, Schuler's conviction, sentence, and fine. *See* BCGD Proc.Reg. 10(B)(2)(a), (d), and (f).

**{¶ 11}** The panel also addressed whether Schuler had fully acknowledged the wrongful nature of his conduct. *See* BCGD Proc.Reg. 10(B)(1)(g). In explaining the circumstance leading to his conviction, Schuler testified that the "genesis" of his crime was a bookkeeping oversight. According to Schuler, he was part owner of a radio-telecommunications business that had been sold at some point in or prior to 2002. As part of the sale agreement, Schuler was to receive three payments for his share of the business. Schuler claims that he set up a system with his bookkeeper so that she would receive each payment and coordinate with Schuler's accountant to ensure proper tax treatment of the sale proceeds.

**{¶ 12}** Schuler testified that at the time the second payment was due, an officer of his company indicated that the payment would be wired and requested instructions for doing so. Schuler e-mailed his bank for wiring instructions and then forwarded the bank's e-mailed instructions to the payer. The instructions, however, directed that the money be wired into Schuler's personal bank account, and therefore the $360,000 second payment was deposited into that account rather than sent to Schuler's bookkeeper. According to Schuler, because the second payment "didn't get into [his] system" with the bookkeeper, it was not reported on his tax return. Schuler also testified that he had met with his accountant once a quarter and that the accountant knew about Schuler's sale of the business and had considered the tax consequences for him. Nevertheless, because the second

payment was deposited in Schuler's personal bank account, Schuler claimed that the second payment "just got missed."

{¶ 13} In its report and recommendation, the panel acknowledged that Schuler took responsibility for signing the false tax return, but the panel nonetheless concluded that Schuler "seemed to blame the error on others." For example, the board noted that Schuler testified that one of the greatest lessons he had learned from the matter was that his choice of associates was "critically important." We accept the panel's credibility determination regarding whether Schuler fully appreciated the wrongfulness of his misconduct. "Unless the record weighs heavily against a hearing panel's findings, we defer to the panel's credibility determinations, inasmuch as the panel members saw and heard the witnesses firsthand." *Cuyahoga Cty. Bar Assn. v. Wise*, 108 Ohio St.3d 164, 2006-Ohio-550, 842 N.E.2d 35, ¶ 24.

*Applicable precedent*

{¶ 14} In support of its recommended sanction, the board cites three recent cases in which we imposed indefinite suspensions for similar disciplinary-rule violations involving felony tax-evasion convictions. *See Disciplinary Counsel v. Bennett*, 124 Ohio St.3d 314, 2010-Ohio-313, 921 N.E.2d 1064 (indefinitely suspending an attorney, with credit for time served under an interim felony suspension, for illegally structuring financial transactions in the amount of $124,300 to evade federal currency-reporting requirements); *Disciplinary Counsel v. Smith*, 128 Ohio St.3d 390, 2011-Ohio-957, 944 N.E.2d 1166 (indefinitely suspending an attorney, with credit for time served under an interim felony suspension, convicted of making false tax returns, conspiring to defraud the IRS, and corruptly endeavoring to obstruct and impede an IRS investigation); and *Columbus Bar Assn. v. Hunter*, 130 Ohio St.3d 355, 2011-Ohio-5788, 958 N.E.2d 567 (indefinitely suspending an attorney convicted of failing to report a cash

payment of more than $10,000; the attorney also neglected two client matters and failed to properly account for funds in his client trust account).

{¶ 15} Following this precedent, we agree with the board that an indefinite suspension with credit for time served is warranted here. As the board concluded, there is no compelling reason to decline Schuler credit for the time he has served under his interim felony suspension, which has been in place since October 6, 2011.

**Conclusion**

{¶ 16} Having reviewed the record, weighed the aggravating and mitigating factors, and considered the sanctions imposed for comparable conduct, we adopt the board's recommended sanction. Accordingly, Robert Carl Schuler is indefinitely suspended from the practice of law in Ohio, with credit for time served under the interim felony suspension imposed on October 6, 2011. Costs are taxed to Schuler.

Judgment accordingly.

PFEIFER, O'DONNELL, LANZINGER, KLATT, and O'NEILL, JJ., concur.

O'CONNOR, C.J., and FRENCH, J., concur with the sanction but would not give credit for time served under the interim suspension.

WILLIAM A. KLATT, J., of the Tenth Appellate District, sitting for KENNEDY, J.

_____

Scott Drexel, Disciplinary Counsel, and Donald M. Scheetz, Assistant Disciplinary Counsel, for relator.

Kegler, Brown, Hill & Ritter, Geoffrey Stern, and Jason Beehler, for respondent.

_____