[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Hillman,* Slip Opinion No. 2016-Ohio-1172.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-1172

DISCIPLINARY COUNSEL *v.* HILLMAN.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Hillman,* Slip Opinion No. 2016-Ohio-1172.]**

*Attorneys—Misconduct—Conviction of misdemeanor—Failure to file federal personal income-tax returns for three years—Conduct that adversely reflects on the lawyer's fitness to practice law—One-year suspension, stayed on conditions.*

(No. 2015-0594—Submitted November 17, 2015—Decided March 24, 2016.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2014-088.

_____

**Per Curiam.**

{¶ 1} Respondent, Steven Edward Hillman of Dublin, Ohio, Attorney Registration No. 0002578, was admitted to the practice of law in Ohio in 1973. We suspended his license on November 3, 2009, and again on November 2, 2011, for

his failure to timely register as an attorney for the 2009-2011 and 2011-1013 biennia, respectively. *In re Attorney Registration Suspension of Hillman*, 123 Ohio St.3d 1475, 2009-Ohio-5786, 915 N.E.2d 1256; *In re Attorney Registration Suspension of Hillman*, 130 Ohio St.3d 1420, 2011-Ohio-5627, 956 N.E.2d 310. In both cases, he was reinstated shortly after the suspension was imposed.

**{¶ 2}** Hillman was convicted of the misdemeanor offense of willful failure to file a federal personal income-tax return for 2011, and he acknowledged in his plea agreement that he also had not timely filed his 2009 and 2010 federal income-tax returns. In December 2014, relator, disciplinary counsel, charged Hillman with professional misconduct for not timely filing his federal income-tax returns for 2009, 2010, and 2011. The parties initially entered into a consent-to-discipline agreement that recommended a sanction of a one-year suspension, stayed on conditions. Although the Board of Professional Conduct accepted the agreement, we rejected the recommended sanction and remanded to the board for further proceedings. *Disciplinary Counsel v. Hillman*, 142 Ohio St.3d 1460, 2015-Ohio-1813, 30 N.E.3d 969.

**{¶ 3}** On remand, a three-member panel of the board heard testimony from Hillman and, based on the parties' stipulations and evidence presented at the hearing, found that Hillman had engaged in professional misconduct and recommended that he receive a one-year suspension, fully stayed on conditions, including that he make all required payments to the Internal Revenue Service and that he timely pay his current taxes. The board adopted the findings of the panel.

**{¶ 4}** Upon our independent review, we adopt the board's findings of fact and misconduct and its recommended sanction.

### Misconduct

**{¶ 5}** On March 10, 2014, Hillman pled guilty to a one-count superseding information that charged him with willfully failing to file a federal personal income-tax return for 2011. Although similar failings for tax years 2009 and 2010

2

were not charged in the superseding information, Hillman acknowledged in his plea agreement that they had occurred. Hillman was sentenced to five years of probation with six months of house arrest. He was also ordered to complete 200 hours of community service and to pay restitution to the Internal Revenue Service. Hillman is currently on probation and still practices law, but as of the date of the panel hearing, he had paid no restitution because the IRS had not finalized a payment plan.

{¶ 6} Based on this conduct, the parties stipulated and the board found that Hillman had violated Prof.Cond.R. 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law). We agree with these findings of misconduct.

### Sanction

{¶ 7} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Gov.Bar R. V(13). *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21. However, because each disciplinary case is unique, we are not limited to the factors specified in Gov.Bar R. V(13) and may take all relevant factors into account in determining which sanction to impose. Gov.Bar R. V(13)(A).

*Aggravating and mitigating factors*

{¶ 8} The parties stipulated and the board found as an aggravating factor that Hillman was previously suspended from the practice of law on two occasions for failing to timely register with the Office of Attorney Services, *see* Gov.Bar R. V(13)(B)(1), though the board gave the factor little weight due to the brief duration of the suspensions, which lasted 11 and 14 days, respectively.

**{¶ 9}** The board found several mitigating factors. Hillman displayed a cooperative attitude throughout relator's investigation; he is an active volunteer with Habitat for Humanity, with youth, and in his church; he regularly does pro bono work; and he is highly regarded in the community. *See* Gov.Bar R. V(13)(C)(4) and (5). Having been sentenced in federal court and lost a significant amount of his practice's business because of his conduct, Hillman has suffered the imposition of other penalties and sanctions. *See* Gov.Bar R. V(13)(C)(6). The board also found that Hillman had relied on his certified public accountant of some thirty years to file his tax returns. The CPA became ill over an extended period of time because of two heart-valve surgeries and resulting complications but continued to assure Hillman that he would file the returns, although he never did. The parties also stipulated and the board found that Hillman admitted his responsibility for his failure to file his tax returns and that his misconduct did not involve any clients and was not committed in the course of his law practice.

*Applicable precedent*

**{¶ 10}** We agree with the board that a one-year suspension, stayed in its entirety and subject to conditions, is the sanction warranted under these circumstances. In *Lake Cty. Bar Assn. v. Ezzone*, 102 Ohio St.3d 79, 2004-Ohio-1774, 806 N.E.2d 991, the respondent was convicted of failing to file an income-tax return and was sentenced to home confinement for six months and one year of probation. Ezzone had mitigating factors similar to Hillman's and received a one-year suspension, stayed on conditions, with supervised probation. *Id*. at ¶ 6; *see also Cuyahoga Cty. Bar Assn. v. Veneziano*, 120 Ohio St.3d 451, 2008-Ohio-6789, 900 N.E.2d 185 (one-year suspension, stayed on conditions, with two-year monitored probation for failure to file state and federal personal income-tax returns and failure to pay withholding taxes for law-office employees; similar mitigation).

4

**Conclusion**

**{¶ 11}** For the reasons explained above, Steven Edward Hillman is suspended from the practice of law for one year, fully stayed on the conditions that he make all payments on his back taxes as required by the Internal Revenue Service, timely pay his current taxes, complete a class in law-office management within one year after the issuance of this order, and engage in no further misconduct. Costs are taxed to Hillman.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Scott J. Drexel, Disciplinary Counsel, and Dionne C. DeNunzio, Assistant Disciplinary Counsel, for relator.

Michael L. Close, for respondent.

_____