**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Lawrence,* **Slip Opinion No. 2016-Ohio-4605.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-4605

DISCIPLINARY COUNSEL *v.* LAWRENCE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Lawrence,* **Slip Opinion No. 2016-Ohio-4605.]**

*Attorneys—Misconduct—Felony conviction for filing false tax returns—Engaging in illegal conduct and in conduct involving dishonesty, fraud, deceit, or misrepresentation—Two-year suspension with credit for time served under interim felony suspension.*

(No. 2015-1640—Submitted October 28, 2015—Decided June 30, 2016.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2015-048.

_____

**Per Curiam**.

{¶ 1} Respondent, Meredith Lynn Lawrence of Warsaw, Kentucky, Attorney Registration No. 0029098, was admitted to the practice of law in Ohio in 1977.  On July 27, 2015, relator, disciplinary counsel, charged Lawrence with

professional misconduct arising from his federal conviction on three counts of filing false tax returns in violation of 26 U.S.C. 7206(1).

{¶ 2} In the complaint, relator alleged that after a two-week criminal trial in the United States District Court for the Eastern District of Kentucky, a jury found that Lawrence had knowingly underreported income from various businesses that he owned in whole or in part for the 2004, 2005, and 2006 tax years. Some of the unreported income came from businesses that were tangentially related to his practice of law—including rental income that he received from other attorneys. Lawrence was convicted in July 2012 of three counts of filing false tax returns in violation of 26 U.S.C. 7206(1) and sentenced to 27 months of incarceration on each count to be served concurrently, followed by a one-year term of supervised release. Lawrence was also ordered to pay a special assessment of $300 and restitution of $128,253.26 plus interest, which he paid in full by December 17, 2012. Upon notification of his felony conviction, we suspended his license on an interim basis effective November 29, 2012. *In re Lawrence*, 133 Ohio St.3d 1496, 2012-Ohio-5492, 978 N.E.2d 914.

{¶ 3} Lawrence's conviction and sentence were affirmed by the Sixth Circuit Court of Appeals, *United States v. Lawrence*, 557 Fed.Appx. 520 (6th Cir.2014), and the Supreme Court of the United States denied his petition for a writ of certiorari, *Lawrence v. United States*, ___ U.S. ___, 135 S.Ct. 223, 190 L.Ed.2d 133 (2014). Lawrence also moved the federal district court for a new trial in December 2014, claiming that the certified public accountant he hired to file amended tax returns for 2004, 2005, and 2006 determined that he had actually overreported his income during those years. He appealed the court's denial of that motion to the Sixth Circuit.[1] Lawrence was released from the custody of the

---

[1] That appeal was still pending when the parties filed their consent-to-discipline agreement. The Sixth Circuit, however, has since affirmed the district court's order denying Lawrence's motion for

Federal Bureau of Prisons on February 13, 2015, and began serving his one-year term of supervised release.

**{¶ 4}** A panel of the Board of Professional Conduct considered the cause on the parties' consent-to-discipline agreement. *See* Gov.Bar R. V(16).

**{¶ 5}** In the consent-to-discipline agreement, Lawrence stipulates to the facts alleged in relator's complaint and agrees that his conduct violated DR 1-102(A)(3) (prohibiting a lawyer from engaging in illegal conduct involving moral turpitude) and 1-102(A)(4) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

**{¶ 6}** The parties stipulate that the mitigating factors include the absence of a prior disciplinary record, Lawrence's timely, good-faith effort to make restitution or rectify the consequences of his misconduct, his cooperative attitude toward the proceedings, evidence of his good character and reputation apart from the charged misconduct, the imposition of other penalties, and the absence of harm to his clients. *See* Gov.Bar R. V(13)(C)(1), (3), (4), (5), and (6). The parties agree that just one aggravating factor is present—that Lawrence engaged in a pattern of misconduct. *See* Gov.Bar R. V(13)(B)(3). Based upon Lawrence's stipulated misconduct and the applicable aggravating and mitigating factors, the parties stipulate that the appropriate sanction for Lawrence's misconduct is a two-year suspension from the practice of law, with no portion of the suspension stayed. They further agree that in light of the mitigating factors enumerated above, Lawrence should receive credit for the time served under his interim felony suspension, which commenced on November 29, 2012.

**{¶ 7}** The panel and the board found that the consent-to-discipline agreement conforms to Gov.Bar R. V(16) and recommend that we adopt the agreement in its entirety. In support of this recommendation, the panel referred to

---

a new trial, *United States v. Lawrence*, 6th Cir. No. 15-5126 (Oct. 2, 2015), and has denied Lawrence's petition for en banc rehearing.

*Disciplinary Counsel v. Jacobs*, 140 Ohio St.3d 2, 2014-Ohio-2137, 14 N.E.3d 984. In that case, Jacobs filed four false income-tax returns, but he pleaded guilty to a federal information and was convicted of a single violation of 26 U.S.C. 7201(1). He was sentenced to 12 months and one day in prison and paid a special assessment and restitution promptly after sentencing. We suspended Jacobs from the practice of law for two years, but we gave him credit for time served under his interim felony suspension. *Id.* at ¶ 26.

**{¶ 8}** We agree that Lawrence violated DR 1-102(A)(3) and (4) and that his misconduct warrants a two-year suspension. In light of the significant mitigating factors present, we also agree that Lawrence should receive credit for the time served under his interim felony suspension. Therefore, we adopt the parties' consent-to-discipline agreement.

**{¶ 9}** Accordingly, Meredith Lynn Lawrence is hereby suspended from the practice of law for a period of two years with credit for the time served under the interim suspension that began on November 29, 2012. Costs are taxed to Lawrence.

Judgment accordingly.

PFEIFER, LANZINGER, FRENCH, and O'NEILL, JJ., concur.

O'CONNOR, C.J., and O'DONNELL and KENNEDY, JJ., dissent and would remand the cause to the Board of Professional Conduct to reconsider the grant of credit for time served under interim suspension.

_____

Scott J. Drexel, Disciplinary Counsel, and Karen H. Osmond, Assistant Disciplinary Counsel, for relator.

Helmer, Martins, Rice & Popham Co., L.P.A., and James B. Helmer Jr., for respondent.

_____