**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Toledo Bar Assn. v. Manore,* **Slip Opinion No. 2019-Ohio-3846.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-3846

TOLEDO BAR ASSOCIATION *v.* MANORE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Toledo Bar Assn. v. Manore,* Slip Opinion No. 2019-Ohio-3846.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct—Two-year suspension, with the second year stayed on conditions.*

(No. 2019-0212—Submitted March 27, 2019—Decided September 25, 2019.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2018-035.

_____

**Per Curiam.**

{¶ 1} Respondent, John James Manore III, of Sylvania, Ohio, Attorney Registration No. 0064070, was admitted to the practice of law in Ohio in 1994. On February 2, 2018, we suspended him from the practice of law after he pleaded guilty to one felony count of filing a false tax return in the United States District Court for

the Northern District of Ohio. *In re Manore*, 152 Ohio St.3d 1237, 2018-Ohio-413, 95 N.E.3d 410.

**{¶ 2}** In a June 2018 complaint, relator, Toledo Bar Association, alleged that the conduct underlying Manore's criminal conviction violated Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness) and 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

**{¶ 3}** The parties entered into stipulations of fact, misconduct, and aggravating and mitigating factors. They also recommended that Manore be suspended for two years with one year stayed and that he receive credit for the time he has served under his interim felony suspension. After a panel of the Board of Professional Conduct held a hearing, the board made findings of fact and conclusions of law, and it recommends that we suspend Manore for two years, with one year stayed on the conditions that he commit no further misconduct and remain in compliance with the restitution order entered in his criminal case. The board further recommends that upon reinstatement to the practice of law, Manore be required to serve a one-year term of monitored probation.

**{¶ 4}** We adopt the board's findings and recommended sanction and suspend Manore for two years, with the second year conditionally stayed.

**Misconduct**

**{¶ 5}** Manore practiced law for 14 years at two different law firms before opening a solo practice in June 2008. In 2010, after receiving reports that Manore's wife had been making large cash deposits and withdrawals at a regional bank, the Internal Revenue Service ("IRS") launched an investigation. In March 2015, Manore was indicted on three counts of filing false tax returns for underreporting his income on his 2008, 2009, and 2010 tax returns.

**{¶ 6}** In August 2017, Manore pleaded guilty to filing a false 2009 income-tax return. On January 11, 2018, the court found Manore guilty of that offense,

dismissed the remaining charges, and sentenced him to one year of probation. The district court also ordered him to pay $42,472.58 to the IRS—$27,689 in unpaid taxes for 2008, 2009, and 2010, plus $14,783.58 in interest and penalties. The court acknowledged that at the time of Manore's sentencing, he had already paid the unpaid-taxes amount.

{¶ 7} The parties stipulated and the board agreed that Manore committed an illegal act that reflects adversely on his honesty and trustworthiness and engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of Prof.Cond.R. 8.4(b) and (c).

**Sanction**

{¶ 8} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 9} The parties stipulated that three aggravating factors are present—Manore acted with a dishonest or selfish motive, engaged in a pattern of misconduct, and committed multiple offenses over a three-year period. *See* Gov.Bar R. V(13)(B)(2), (3), and (4). The board agreed and also found that Manore did not accept full responsibility for his dishonest conduct, because he testified that he failed to review his tax returns and take appropriate steps to ensure their accuracy—as if to suggest that his crime was the result of disorganized recordkeeping rather than a deliberate attempt to avoid paying his full tax obligation. *See* Gov.Bar R. V(13)(B)(7). The board also expressed frustration that in his testimony, Manore failed to clearly state his gross income and to explain the large amount of cash—$5,000 to $6,000—that he gave to his wife each month.

{¶ 10} As mitigating factors, the parties stipulated and the board agreed that Manore has no prior discipline, had made full and free disclosure to the board and demonstrated a cooperative attitude toward the disciplinary proceedings, had

presented multiple letters attesting to his professional competence and reputation in the community, and had been criminally sanctioned for his conduct. *See* Gov.Bar R. V(13)(C)(1), (4), (5), (6). The board also noted that Manore testified he had implemented internal processes and procedures to prevent his misconduct from recurring in the future. He has hired an accountant to prepare and file his tax returns and an experienced staff member to assist him with his billing. He has also implemented procedures to cross-check his accounting to ensure accuracy.

{¶ 11} In considering the appropriate sanction for Manore's misconduct, the board examined two lines of cases in which we sanctioned attorneys for ethical violations arising from their income-tax-related criminal conduct. In the first line of cases, we imposed one-year suspensions—some stayed on conditions—on attorneys convicted of misdemeanors for failing either to file federal income-tax returns or to pay the taxes due for one or more years. *See Lake Cty. Bar Assn. v. Ezzone*, 102 Ohio St.3d 79, 2004-Ohio-1774, 806 N.E.2d 991 (one-year suspension stayed on conditions, including a one-year period of monitored probation to verify the attorney's progress toward resolving his federal tax debt); *Toledo Bar Assn. v. Abood*, 104 Ohio St.3d 655, 2004-Ohio-7015, 821 N.E.2d 560 (one-year suspension with six months conditionally stayed); *Disciplinary Counsel v. Large*, 122 Ohio St.3d 35, 2009-Ohio-2022, 907 N.E.2d 1162 (one-year suspension with no stay). And in the second line of cases, we imposed two-year or indefinite suspensions on attorneys convicted of felonies for filing one or more false federal income-tax returns; we also credited those attorneys for the time they had served under related interim felony suspensions. *See Disciplinary Counsel v. Lawrence*, 147 Ohio St.3d 315, 2016-Ohio-4605, 65 N.E.3d 711 (two-year suspension); *Disciplinary Counsel v. Jacobs*, 140 Ohio St.3d 2, 2014-Ohio-2137, 14 N.E.3d 984 (two-year suspension); *Disciplinary Counsel v. Schuler*, 138 Ohio St.3d 346, 2014-Ohio-1127, 6 N.E.3d 1173 (indefinite suspension).

**{¶ 12}** Of those cases, the board found our decisions in *Lawrence* and *Jacobs* to be particularly instructive. Lawrence was convicted of three counts of filing false income-tax returns in which he underreported his income to reduce his income-tax obligation. As part of his sentence, he was ordered to make restitution of $128,253.26 plus interest.

**{¶ 13}** In a consent-to-discipline agreement, Lawrence stipulated that he engaged in illegal conduct involving moral turpitude and engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation. The parties stipulated that just one aggravating factor was present—that Lawrence had engaged in a pattern of misconduct. Stipulated mitigating factors consisted of the absence of prior discipline; Lawrence's timely, good-faith effort to make restitution, which he paid in full approximately five months after his convictions; his cooperative attitude toward the proceedings; evidence of his good character and reputation; the imposition of other penalties; and the absence of any harm to his clients. We adopted the parties' consent-to-discipline agreement and suspended Lawrence from the practice of law for two years with no stay, crediting him for the time he had served under his interim felony suspension, which had commenced nearly four years before our decision.

**{¶ 14}** Jacobs pled guilty to one count of making and subscribing false income-tax returns for the years 2004 through 2007, resulting in unpaid taxes of more than $75,000, which he paid in full on the day of his sentencing. *Jacobs*, 140 Ohio St.3d 2, 2014-Ohio-2137, 14 N.E.3d 984.

**{¶ 15}** In his disciplinary case, Jacobs stipulated that he engaged in illegal conduct that involved moral turpitude, that adversely reflected on his honesty and trustworthiness, and that involved dishonesty, fraud, deceit, or misrepresentation. The parties stipulated that four mitigating factors were present—that Jacobs did not have a prior disciplinary record, he had demonstrated a cooperative attitude toward the proceedings, he had presented evidence of his good character and reputation,

and other sanctions and penalties had been imposed for his conduct. They also stipulated that Jacobs had not committed his misconduct in his capacity as a lawyer or caused harm to his clients. The board agreed and also found that he had made a good-faith effort to pay restitution and acknowledged the wrongful nature of his conduct. Just two aggravating factors were present—a dishonest or selfish motive and a pattern of misconduct. We suspended Jacobs from the practice of law for two years and credited him for the time he had served under his interim felony suspension, which had been in effect for more than two years.

{¶ 16} With these precedents in mind, the board recommends that we adopt the parties' stipulated sanction and impose a two-year suspension, with one year stayed on the conditions that Manore engage in no further misconduct and remain in compliance with the restitution order entered in his underlying criminal case. In accord with the sanctions imposed in *Lawrence* and *Jacobs*, the board recommends that we grant Manore credit for the time he has served under his February 2, 2018 interim felony suspension. In light of the fact that Manore has not yet made full restitution to the IRS and in accord with the sanction we imposed in *Ezzone*, 102 Ohio St.3d 79, 2004-Ohio-1774, 806 N.E.2d 991, at ¶ 7, the board recommends that upon reinstatement to the practice of law, Manore be required to serve a one-year period of probation, during which an attorney designated by relator would monitor Manore's operating and client-trust accounts and his compliance with applicable tax laws and regulations.

{¶ 17} On these facts, we find that Manore's conduct violated Prof.Cond.R. 8.4(b) and (c). Having considered the aggravating and mitigating factors present in this case and the sanctions we imposed in *Lawrence*, *Jacobs*, and *Ezzone*, we agree that the board's recommended sanction is appropriate.

{¶ 18} Accordingly, John James Manore III is suspended from the practice of law in Ohio for two years, with the second year stayed on the conditions that he commit no further misconduct, demonstrate his compliance with the restitution

order in his underlying criminal case at the time of his reinstatement to the practice of law, and remain in compliance with that order during the stay. If Manore violates any condition of the stay, the stay will be lifted and he will serve the entire two-year suspension. Manore shall receive credit for the time he has served under the interim felony suspension we imposed on February 2, 2018. Upon reinstatement to the practice of law, he shall serve a one-year period of monitored probation in accordance with Gov.Bar R. V(21) to be focused on the management of his operating and client-trust accounts and his compliance with applicable tax laws and regulations. Costs are taxed to Manore.

Judgment accordingly.

FRENCH, DONNELLY, and STEWART, JJ., concur.

O'CONNOR, C.J., and FISCHER, J., concur but would not grant credit for time served under interim felony suspension.

KENNEDY, J., concurs in part and dissents in part, with an opinion joined by DEWINE, J.

_____

**KENNEDY, J., concurring in part and dissenting in part.**

{¶ 19} I agree with the majority's determination that an actual suspension of respondent, John James Manore III, is warranted to protect the public, and I concur in the following part of the court's order:

John James Manore III is suspended from the practice of law in Ohio for two years, with the second year stayed on the conditions that he commit no further misconduct, demonstrate his compliance with the restitution order in his underlying criminal case at the time of his reinstatement to the practice of law, and remain in compliance with that order during the stay. If Manore violates any condition of the stay, the stay will be lifted and he will serve the entire two-year

7

suspension. Manore shall receive credit for the time he has served under the interim felony suspension we imposed on February 2, 2018. * * * Costs are taxed to Manore.

Majority opinion at ¶ 18.

{¶ 20} I part ways with the majority, however, as to the imposition of a one-year period of monitored probation "focused on the management of his operating and client-trust accounts and his compliance with applicable tax laws and regulations." *Id.*

{¶ 21} "Monitored probation is a valuable tool in Ohio's discipline system; it enables us to protect the public while educating the attorney and correcting the underlying misconduct." *Disciplinary Counsel v. Halligan*, __ Ohio St.3d __, 2019-Ohio-3748, __ N.E.3d __, ¶ 41 (Kennedy, J., concurring in part and dissenting in part). Gov.Bar R. V(21)(A) and (B) provide that when monitored probation is ordered, the relator shall "[s]upervise the term and conditions of probation" and appoint an attorney to monitor the respondent's compliance with the conditions of probation.

{¶ 22} Attorneys who serve on local grievance committees and who volunteer to serve as monitors are called upon to do a great many other acts of goodwill to improve the condition and public view of our legal system throughout Ohio. In addition to their service on local grievance committees, the Rules of Professional Conduct urge attorneys to engage in civic education to help the citizens of their communities better understand the role of the justice system in their lives, to participate in local, state, and national bar functions, and to perform pro bono work. *See* Prof.Cond.R., Preamble [6]. Additionally, attorneys are often asked to give back to their communities in charitable efforts. This is in addition to the often demanding and time-consuming legal work they perform on behalf of their clients.

{¶ 23} Therefore, we should consider that attorneys who serve as monitors are a precious finite resource. And we should be good stewards of that resource and employ their services only when it is absolutely necessary: when the benefit of a monitor's service will educate the errant attorney and alleviate the underlying misconduct, while protecting the public.

{¶ 24} In my view, ordering a term of monitored probation in this case is not a constructive use of this prized commodity. A term of monitored probation will not benefit Manore, the bar, or the public.

{¶ 25} Manore was indicted on three counts of filing false tax returns for underreporting his income on his 2008, 2009, and 2010 income-tax returns. He subsequently entered into a plea agreement with the government. In exchange for Manore's pleading guilty to filing a false 2009 tax return, the government agreed to move to dismiss the remaining two counts. He was sentenced to serve one year of probation and ordered to pay an unpaid tax amount of $42,472.58 to the Internal Revenue Service ("IRS").

{¶ 26} The board expressly found and this court agrees that Manore's failure to file accurate tax returns did not result from "disorganized recordkeeping." Majority opinion at ¶ 9. Manore's failure to file accurate tax returns resulted from his "deliberate" act of failing to pay his full tax obligation—specifically, his failure to declare as income large amounts of cash he gave to his wife each month. *Id.* It was in fact his wife's act of "making large cash deposits and withdrawals at a regional bank" that caused the IRS to initiate an investigation. *Id.* at ¶ 5.

{¶ 27} Because Manore's criminal misconduct resulted from his willful and intentional evasion of taxes by failing to "compl[y] with applicable tax laws and regulations" [page 9, lines 14-18] and not from disorganized "management of his operating and client-trust accounts," *id.* at ¶ 18, there is nothing for a monitor to supervise. A monitor's review of Manore's operating and client-trust accounts or tax filings will not shepherd Manore or help facilitate his ethical practice of law. If

Manore intends to defraud the government again, by funneling large sums of cash to his wife, he will be able to despite an order of monitored probation. The likelihood that a monitor would be present to witness the transfer of cash from husband to wife is infinitesimal. Manore already knows that failing to report large sums of cash to the taxing authorities is improper, criminal, and a violation of the Rules of Professional Conduct. There is no amount of monitoring that will educate Manore, correct his behavior, or protect the public when he returns to the practice of law. The only person who can help Manore become and remain a law-abiding citizen is Manore, by refraining from violating the law.

{¶ 28} Moreover, when the offending misconduct is tax evasion, our precedent does not support ordering a term of monitored probation. We have previously disciplined attorneys whose misconduct was limited to convictions for violating federal tax laws. *See Disciplinary Counsel v. Hillman*, 145 Ohio St.3d 489, 2016-Ohio-1172, 50 N.E.3d 539 (fully stayed one-year suspension for misdemeanor conviction for willful failure to file a federal personal-income-tax return); *Disciplinary Counsel v. Smith*, 128 Ohio St.3d 390, 2011-Ohio-957, 944 N.E.2d 1166, *reinstatement granted*, 133 Ohio St.3d 1224, 2012-Ohio-4663, 977 N.E.2d 659 (indefinite suspension for felony convictions for failing to accurately report income, conspiring to defraud the IRS, and corruptly endeavoring to obstruct and impede the ensuing IRS investigation); *Disciplinary Counsel v. Jacobs*, 140 Ohio St.3d 2, 2014-Ohio-2137, 14 N.E.3d 984, *reinstatement granted*, 141 Ohio St.3d 1254, 2015-Ohio-80, 24 N.E.3d 1174 (two-year suspension for felony conviction for filing false tax returns); *Disciplinary Counsel v. Large*, 122 Ohio St.3d 35, 2009-Ohio-2022, 907 N.E.2d 1162, *reinstatement granted*, 128 Ohio St.3d 1202, 2011-Ohio-1081, 943 N.E.2d 568 (one-year suspension for misdemeanor convictions for willfully failing to file personal-income-tax returns). In none of these cases did we order a term of monitored probation. There is no

compelling or striking facet of Manore's misconduct here that warrants deviating from our precedent.

{¶ 29} Therefore, I dissent from the imposition of a one-year period of monitored probation focused on the management of operating and client-trust accounts and compliance with applicable tax laws and regulations.

DEWINE, J., concurs in the foregoing opinion.

————————————

Robison, Curphey & O'Connell and W. David Arnold; Karen A. Novak; and Joseph P. Dawson, Bar Counsel, for relator.

Coughlan Law Firm, L.L.C., and Jonathan E. Coughlan, for respondent.

————————————