**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Akron Bar Assn. v. Plesich,* **Slip Opinion No. 2019-Ohio-4843.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-4843

AKRON BAR ASSOCIATION *v.* PLESICH.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Akron Bar Assn. v. Plesich,* Slip Opinion No. 2019-Ohio-4843.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct—Two-year suspension.*

(No. 2019-0806—Submitted August 6, 2019—Decided November 27, 2019.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2018-057.

————————————

**Per Curiam.**

{¶ 1} Respondent, Gregory Thomas Plesich, of Akron, Ohio, Attorney Registration No. 0007642, was admitted to the practice of law in Ohio in 1973. On June 15, 2018, we suspended his license on an interim basis after receiving notice that he had been convicted of a felony for attempting to evade and defeat the

payment of federal taxes. *In re Plesich*, 153 Ohio St.3d 1233, 2018-Ohio-2306, 108 N.E.3d 1096.

{¶ 2} In November 2018, relator, Akron Bar Association, charged Plesich with violating the Rules of Professional Conduct based on the facts that led to his conviction. Plesich stipulated to the charged misconduct, and the parties jointly recommended that he serve a two-year suspension, with credit for the time he has served under his interim felony suspension. After a hearing before a panel of the Board of Professional Conduct—and the parties' submission of supplemental stipulations—the board issued a report finding that Plesich had engaged in the stipulated misconduct and recommending that we adopt the parties' proposed sanction. Neither party objected to the board's report.

{¶ 3} Based on our review of the record, we adopt the board's findings of misconduct and recommended sanction.

## Misconduct

{¶ 4} In September 2017, the federal government charged Plesich with one count of violating 26 U.S.C. 7201 and 18 U.S.C. 2 for willfully aiding and abetting clients in their attempt to evade the payment of their federal taxes. The indictment set forth the following allegations. In 2009, Plesich began representing Lawrence E. and Angela G. Tipton in a tax dispute with the Internal Revenue Service ("IRS"), which subsequently sent Plesich notice of outstanding tax liabilities and various collection actions involving either one or both of the Tiptons. In July 2013, Lawrence Tipton gave Plesich a $117,882.42 check representing Tipton's proceeds from the sale of real property, and Plesich deposited those funds into his client trust account. In August 2013, Plesich similarly deposited into his client trust account a $79,051 check that Tipton had received for an insurance claim on his home. Over the following year, Plesich wrote or caused to be written 29 checks from his client trust account—ranging in amounts from $3,000 to $7,500—made payable to

Angela Tipton. In doing so, the government alleged, Plesich aided the Tiptons in their attempt to evade payment of their outstanding tax liabilities.

{¶ 5} After a four-day trial in February 2018, a jury found Plesich guilty. In June 2018, a federal judge sentenced him to three years of probation and ordered him to pay $196,934.21 in restitution to the IRS, a $10,000 fine, and a $100 assessment—all of which Plesich paid within three months after his sentencing.

{¶ 6} At his disciplinary hearing, Plesich admitted to depositing Lawrence Tipton's two checks into his client trust account and issuing—or authorizing his assistant to issue—the 29 checks to Angela Tipton. Plesich maintained, however, that he did not issue those checks with the motivation to help the Tiptons evade payment of their federal taxes. Plesich testified that he accepted the two checks from Lawrence Tipton and then disbursed the money upon his clients' requests without questioning them or discussing with them the purpose of the transactions. Regardless, Plesich stipulated that the jury in his criminal case determined that he had aided and abetted the Tiptons in tax evasion because he knew they owed past-due taxes, he did not provide any legal services for the funds they had delivered to him, and he deliberately "clos[ed] his eyes to what was obvious" and "paid those funds on a monthly basis to his clients." In addition, Plesich stipulated that his failing to object to his clients' requests and to notify the IRS of the existence of the money "certainly could be considered an effort to defraud the federal government." He also admitted that his actions were "absolutely 100 percent wrong."

{¶ 7} Based on this conduct and Plesich's conviction, the parties stipulated and the board found that he violated Prof.Cond.R. 1.2(d)(1) (prohibiting a lawyer from counseling a client to engage, or assisting a client, in conduct that the lawyer knows is illegal or fraudulent), 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness), and 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

{¶ 8} We agree with the board's findings of misconduct.

**Sanction**

{¶ 9} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 10} As aggravating factors, the board found that Plesich engaged in a pattern of misconduct by issuing the 29 checks over a one-year period. *See* Gov.Bar R. V(13)(B)(3). The board also noted that Plesich misused his client trust account in the course of his criminal conduct.

{¶ 11} In mitigation, the board found that Plesich has no prior discipline in his 46-year legal career, he lacked a selfish motive in that he did not receive any fees or benefit from the transactions with the Tiptons, he had made full disclosures to the board and had a cooperative attitude toward the disciplinary proceedings, and criminal sanctions have been imposed for the same misconduct. *See* Gov.Bar R. V(13)(C)(1), (2), (4), and (6). The board also noted that Plesich had presented 28 letters and the testimony of three witnesses attesting to his good character and reputation. *See* Gov.Bar R. V(13)(C)(5).

{¶ 12} To support its recommended sanction, the board found two cases particularly instructive: *Disciplinary Counsel v. Smith*, 128 Ohio St.3d 390, 2011-Ohio-957, 944 N.E.2d 1166, and *Disciplinary Counsel v. Jacobs*, 140 Ohio St.3d 2, 2014-Ohio-2137, 14 N.E.3d 984.

{¶ 13} In *Smith*, the attorney concealed approximately $250,000 in annual income from the IRS for several years and during an audit, allowed his agent to falsely state that he had no source of income other than that reported on his tax returns. A federal court convicted the attorney of making false tax returns, conspiracy to defraud the IRS, and corruptly endeavoring to obstruct and impede an IRS investigation. The court sentenced him to one year and one day in prison

and ordered him to pay the IRS almost $400,000 in restitution. As aggravating factors, we noted that the attorney had acted with a dishonest or selfish motive and engaged in a pattern of misconduct. In mitigation, the attorney lacked a prior disciplinary record, had cooperated in the disciplinary process, had submitted evidence of good character and reputation, and had been subjected to criminal penalties for the same misconduct. Considering that the attorney had already served almost two years under his interim felony suspension and that he had accepted responsibility for his misconduct, we indefinitely suspended him, with credit for the time he had served, and imposed conditions on his reinstatement, including that he enter into an agreement with the government regarding restitution, of which he had paid only $2,000 at the time of the panel hearing.

{¶ 14} In *Jacobs*, the attorney filed four false income-tax returns, resulting in unpaid taxes of $75,385. He pleaded guilty to making and subscribing false tax returns, and a federal court sentenced him to one year and one day in prison and ordered him to pay a $10,000 fine and a $100 assessment. As aggravating factors, we noted that he had a dishonest or selfish motive and had engaged in a pattern of misconduct. In mitigation, the attorney lacked a prior disciplinary record, had cooperated in the disciplinary process, had submitted evidence of good character and reputation, had acknowledged the wrongful nature of his conduct, had paid all delinquent taxes before his sentencing, and had been subjected to criminal sanctions for the same misconduct. We also noted that his actions had not harmed any clients. Considering these mitigating factors, we suspended the attorney for two years, with credit for the time he had served under his interim felony suspension.

{¶ 15} Here, the board noted that unlike the attorneys in *Smith* and *Jacobs*, Plesich had not attempted to evade his own tax liabilities or personally benefited from his actions. And considering that the federal court determined that Plesich did not deserve prison time and that he has accepted responsibility for his actions and fully paid the fine, restitution, and assessment amounts, the board agreed to

adopt the parties' recommended sanction of a two-year suspension with credit for the time Plesich has served under his interim felony suspension.

{¶ 16} We conclude that the facts and circumstances here are more similar to those in *Jacobs* than those in *Smith*, which involved more egregious attorney misconduct, including an attempt to obstruct an IRS investigation. We therefore accept the board's recommendation. A sanction similar to that imposed in *Jacobs* is warranted in this case. *See also Disciplinary Counsel v. Lawrence*, 147 Ohio St.3d 315, 2016-Ohio-4605, 65 N.E.3d 711 (adopting a consent-to-discipline agreement and suspending an attorney for two years, with credit for time served under an interim felony suspension, after the attorney had been convicted of three counts of filing false tax returns).

## Conclusion

{¶ 17} For the reasons explained above, Gregory Thomas Plesich is suspended from the practice of law in Ohio for two years, with credit for the time he has served under his interim suspension, which began on June 15, 2018. Costs are taxed to Plesich.

Judgment accordingly.

FRENCH, DEWINE, DONNELLY, and STEWART, JJ., concur.

O'CONNOR, C.J., and KENNEDY and FISCHER, JJ., would not grant credit for time served under the interim suspension.

––––––––––––––––––

Alfred E. Schrader; and Wayne M. Rice, Bar Counsel, for relator.

Ronald M. Martin and Michele Morris, for respondent.

––––––––––––––––––