[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Atway*, Slip Opinion No. 2020-Ohio-2794.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-2794

DISCIPLINARY COUNSEL *v*. ATWAY.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Atway*, Slip Opinion No. 2020-Ohio-2794.]

*Attorneys—Misconduct—Violation of the Rules of Professional Conduct, i.e., committing an illegal act that adversely reflects on the lawyer's honesty or trustworthiness—Two-year suspension.*

(No. 2019-1741—Submitted January 29, 2020—Decided May 7, 2020.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2019-023.

_____

**Per Curiam.**

{¶ 1} Respondent, Scott Atway, of Powell, Ohio, Attorney Registration No. 0073276, was admitted to the practice of law in Ohio in 2001. On October 26, 2018, we suspended Atway's license on an interim basis following his felony conviction for filing a false federal tax return, and that suspension remains in effect. *See In re Atway*, 154 Ohio St.3d 1229, 2018-Ohio-4336, 116 N.E.3d 1282.

{¶ 2} In a May 9, 2019 complaint, relator, disciplinary counsel, alleged that Atway's criminal conduct violated Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that adversely reflects on the lawyer's honesty or trustworthiness). The parties submitted stipulations of fact, misconduct, and aggravating and mitigating factors and jointly recommend that Atway be suspended from the practice of law for two years, with credit for the time he has served under his interim felony suspension. Based on those stipulations and the evidence presented at a hearing before a three-member panel of the Board of Professional Conduct, the board issued a report finding that Atway engaged in the charged misconduct and recommending that we adopt the parties' jointly recommended sanction.

{¶ 3} We adopt the board's findings of misconduct and agree that a two-year suspension with credit for the time Atway has served under the October 26, 2018 interim felony suspension is the appropriate sanction in this case.

**Misconduct**

{¶ 4} Atway has stipulated that in addition to being a self-employed attorney, he previously owned multiple Verizon Wireless stores in central Ohio. He admits that he did not accurately report his income from the stores to his tax preparer for tax years 2010 through 2012. During that time, he purchased five "high-end" vehicles and a luxury home (to which he made extensive improvements). He also knowingly made false statements to his tax preparer about how he had funded his lavish lifestyle. In addition, Atway failed to file a return for tax year 2013, though he had generated income through his law practice, his stores, and a real-estate-holding company.

{¶ 5} In October 2017, Atway pleaded guilty to a bill of information charging him with one count of willfully filing a false tax return in violation of 26 U.S.C. 7206(1) for tax year 2010. According to his plea agreement, his actions resulted in the loss of $250,000 to $1,500,000 in federal income-tax revenue.

{¶ 6} On October 3, 2018, Atway was sentenced to serve 12 months and one day in prison and one year of supervised release. He was also ordered to pay a special assessment of $100, a fine of $5,000, and $600,000 in restitution. Atway had fully paid the monetary penalties and restitution by November 2018. He was incarcerated at the Ashland Federal Correctional Institution and was released to a halfway house on June 28, 2019.

{¶ 7} The parties stipulated and the board found that Atway's illegal conduct adversely reflected on his honesty and trustworthiness, in violation of Prof.Cond.R. 8.4(b). We adopt the board's finding of misconduct.

### Sanction

{¶ 8} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 9} The parties stipulated and the board found that just one aggravating factor is present—Atway acted with a dishonest or selfish motive. *See* Gov.Bar R. V(13)(B)(2). As for mitigating factors, the parties stipulated and the board found that Atway did not have a prior disciplinary record, had made a timely, good-faith effort to make restitution, had made full and free disclosure to the board and exhibited a cooperative attitude toward the disciplinary proceedings, had submitted multiple letters and testimony from three witnesses attesting to his good character and reputation, and had had other penalties or sanctions imposed for his conduct. *See* Gov.Bar R. V(13)(C)(1) and (3) through (6). In addition, the board noted that Atway's misconduct was not related to his law practice and did not cause any harm to his clients.

{¶ 10} The parties jointly recommend that Atway be suspended from the practice of law for two years and that he receive credit for the time he has served under his interim felony suspension. In support of that recommendation, the

parties relied on two cases involving attorneys who, like Atway, were convicted of filing false tax returns: *Disciplinary Counsel v. Lawrence*, 147 Ohio St.3d 315, 2016-Ohio-4605, 65 N.E.3d 711, and *Disciplinary Counsel v. Jacobs*, 140 Ohio St.3d 2, 2014-Ohio-2137, 14 N.E.3d 984.

{¶ 11} Lawrence was convicted of three counts of filing false income-tax returns for knowingly underreporting his income from various businesses (some of which were tangentially related to his practice of law), for which he was sentenced to concurrent 27-month prison terms and one year of supervised release and was ordered to pay approximately $128,000 in restitution. The parties stipulated that his conduct violated rules prohibiting attorneys from engaging in illegal conduct involving moral turpitude and from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

{¶ 12} Similarly, Jacobs underreported income and inflated business-related deductions arising from his law practice for four tax years. He pleaded guilty to a federal information charging him with a single count of filing false tax returns and was sentenced to 12 months and one day of incarceration and a year of supervised release. He was also ordered to pay a special assessment and fine totaling $10,100 and had paid approximately $75,000 in restitution by the date he was sentenced. In accord with the parties' stipulations, we found that Jacobs had engaged in dishonest conduct and had committed illegal acts involving moral turpitude that adversely reflected on his honesty, trustworthiness, and fitness to practice law.

{¶ 13} We found that Lawrence and Jacobs each had engaged in a pattern of misconduct and that Jacobs also had acted with a dishonest or selfish motive. But in each case, those aggravating factors were outweighed by mitigating factors that included the absence of a prior disciplinary record, timely payment of restitution, the attorney's cooperative attitude toward the disciplinary proceedings, evidence of good character and reputation, and the imposition of other sanctions

and penalties. Consequently, we suspended Lawrence and Jacobs from the practice of law for two years but credited them with the time they had served under their interim felony suspensions. *Lawrence*, 147 Ohio St.3d 315, 2016-Ohio-4605, 65 N.E.3d 711, at ¶ 9; *Jacobs*, 140 Ohio St.3d 2, 2014-Ohio-2137, 14 N.E.3d 984, at ¶ 26.

{¶ 14} In determining the appropriate sanction for Atway's misconduct, the board also considered *Toledo Bar Assn. v. Manore*, 157 Ohio St.3d 371, 2019-Ohio-3846, 137 N.E.3d 59. After being indicted on three counts of filing false tax returns that underreported his income, Manore pleaded guilty to a single count and the remaining charges were dismissed. He was sentenced to one year of probation and ordered to pay more than $27,000 in restitution, plus nearly $15,000 in interest and penalties.

{¶ 15} The parties stipulated that Manore had engaged in dishonest conduct and had committed an illegal act adversely reflecting on his honesty and trustworthiness. As aggravating factors, Manore acknowledged that he had acted with a dishonest or selfish motive, engaged in a pattern of misconduct, and committed multiple offenses. The board also found that he had failed to accept full responsibility for his misconduct because he testified that he had failed to review his tax returns and take appropriate steps to ensure their accuracy, "as if to suggest that his crime was the result of disorganized recordkeeping rather than a deliberate attempt to avoid paying his full tax obligation." *Id.* at ¶ 9. In addition to many of the mitigating factors that are present in Atway's case, the board found that Manore had implemented internal processes and procedures and had hired an accountant in an effort to prevent further misconduct. After considering those factors, the sanctions imposed in *Lawrence* and *Jacobs*, and several decisions imposing one-year suspensions (some fully or partially stayed on conditions) for misdemeanor tax convictions, we suspended Manore from the practice of law for

two years, with the second year stayed on conditions, and ordered him to serve a one-year period of monitored probation upon reinstatement. *Id.* at ¶ 18.

{¶ 16} The board concluded that Atway's admitted criminal conduct, which spanned a three-year period and resulted in the imposition of a prison term and an order to pay $600,000 in restitution to the federal government, was most comparable to that in *Lawrence* and *Jacobs*. It therefore recommends that we suspend him from the practice of law for two years but credit him with the time he has served under his interim felony suspension. Having considered Atway's conduct, the relevant aggravating and mitigating factors, and our applicable precedent, we adopt the board's recommended sanction.

{¶ 17} Accordingly, Scott Atway is suspended from the practice of law for two years, with credit for the time he has served under the interim felony suspension imposed on October 26, 2018. Costs are taxed to Atway.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

O'CONNOR, C.J., and KENNEDY and FISCHER, JJ., would not grant credit for time served.

————————————

Joseph M. Caligiuri, Disciplinary Counsel, and Adam P. Bessler, Assistant Disciplinary Counsel, for relator.

Lynn Maro, for respondent.

————————————